The Lake Erie and Western Railroad Company v. Young et al.

Filed Nov. 2, 1893.

———————— ◆ ————————

No. 16,369.

THE LAKE ERIE AND WESTERN RAILROAD COMPANY v. YOUNG ET AL.

INJUNCTION.—Sufficiency of Complaint.—Watercourse.—Culvert.—Embankments.—Railroad.—In an action by way of injunction to restrain a railroad company from constructing a stone arch culvert over a certain watercourse along its right of way and from constructing banks of earth on each side of such culvert, leaving no other means for the escape of water flowing in said stream save through said culvert, the complaint is sufficient, which shows that the culvert would be insufficient as a passage way of the water in said stream during or-

dinary or heavy rainfalls, causing the water to be dammed up and to overflow lands, destroying crops and fences, and that such damage will be continuous from year to year, and that if such culvert and embankment should be so constructed, plaintiffs would be compelled, in order to recover from defendant compensation for the damage thus sustained, to bring numerous suits against the company.

SAME.—*Restraining Order.—Modification of.*—A temporary restraining order may be so modified as to protect the rights of all the parties affected thereby.

From the Madison Circuit Court.

*J. W. Lovett, S. M. Keltner, F. S. Foote* and *W. E. Hackedorn,* for appellant.

*E. E. Hendee,* for appellees.

HOWARD, J—The appellant's railroad extends along its right of way through the lands of appellees, crossing Lilly creek, a natural stream of water, on trestle work about thirty feet high and three hundred and twenty feet long.

Appellant being about to fill up this trestle work with earth, except a space to be occupied by a stone arch or culvert with an opening twelve feet wide and ten feet and five inches high in the arch, appellees brought suit to enjoin the work, claiming that the arch would be insufficient for the passage of the waters of Lilly creek, and that great, continuous, and irreparable injury would be done appellees by so impeding the flow of the waters.

A temporary restraining order was granted appellees on their petition.

A motion to dissolve this order was overruled, as was also a demurrer to the complaint.

The appellant answered by way of a plea in confession and avoidance, and also by a general denial.

A demurrer to the special paragraph of answer having been overruled, the appellees replied by a general denial.

A motion by appellant objecting to the trial of the cause by a jury, or to the submission to a jury of any

The Lake Erie and Western Railroad Company *v.* Young *et al.*

question of fact involved in the issues, was overruled by the court.

A jury having been impanelled, the court, of its own motion, submitted certain interrogatories to the jury to find the facts for the information of the court. The jury returned their answers to the interrogatories as follows:—

"1. Will the culvert constructed by the defendant be sufficient to pass the water during the rainy seasons of the year, in times of ordinarily heavy rainfalls? Ans. No.                    FRANCIS WATKINS, Foreman.

"2. If you say no to question No. 1, state what injury, if any, will be done to the lands of the plaintiffs; state fully the character and extent of such injury. Ans. That by the further backing up of the water on said lands, the plaintiffs' said lands will be damaged, their fences will be destroyed, and the other improvements upon said real estate will be injured by the water thereon, and their growing crops will be drowned out. Plaintiffs will receive great and irreparable injury, of such as we can not estimate in dollars and cents, and that the damages thereon will be continuous from year to year.

"FRANCIS WATKINS, Foreman."

Pending the finding and decision of the court, the restraining order was so modified as to permit the filling up of the trestle work with earth, except that, in addition to the culvert, another opening, not less than fifteen feet in width on the bottom, at the natural level, should be left free of earth.

The court, at the request of the appellant, made its finding of facts and conclusions of law thereon, finding the facts in favor of the appellees, and found, as conclusions of law upon the facts found, that the appellees "are entitled to have the injunction and restraining order hereinbefore granted and modified, made perpetual."

A decree was entered in accordance with the finding.

The errors assigned and discussed by counsel have reference to the sufficiency of the complaint, and to the finding of facts and conclusions of law.

The appellant contends that the complaint shows that a right of action had not accrued, and, therefore, that a demurrer to it should have been sustained. We think that counsel have misapprehended the nature of the complaint. This is not an action for damages simply, but a suit for injunction to prevent threatened damages.

The case of *Sherlock* v. *Louisville, etc., R. W. Co.*, 115 Ind. 22, upon which appellant relies, was an action seeking various forms of relief for injury to land, amongst them being damages for overflow of the land caused by a defective construction of the defendant's railroad bridge. It was said in that case: "That the right of the plaintiff was to have his land free from the overflow, and to recover the damages resulting therefrom; and that the wrong of the railway company was the negligent construction and maintenance of the bridge." And the court held that it was not shown in the answer that the railroad company had a prescriptive right to flood the plaintiff's land, or that he had any knowledge that the bridge would flood the land, or acquiesced in such flooding. It did not therefore appear that the action was not brought in good time, and the answer of the company was held bad. In so far as that case has any bearing upon the case before us, we think it is against the contention of the appellant.

The material averments of the complaint, so far as they need be set out here, are: That the defendant is the owner of and operating a railroad which runs over and through plaintiff's lands, where it crosses a natural stream of water known as Lilly creek, along which stream there flows a large amount of water during the

seasons of the year when there is the most rainfall; that when said railroad was constructed in 1875, it was built across said stream on said land on trestle work, about thirty feet high, the trestles being fifteen feet apart, and extending out on each side of said stream until the entire bridge of trestle work was three hundred and twenty feet long, thus leaving full and free opening for all the water coming down said stream; that the amount of water coming down said stream in times of heavy rainfall, and during the wet seasons of the year, is such that the high water mark on said trestle work bridge is ten feet above ground, and extends to a width of the entire length of said trestle work, and ranging in depth from five to ten feet, and that it is not, and has not, been unusual for the water during the rainy season to run that high; that the defendant, at the commencement of this suit, had adopted plans for, and commenced to construct, a stone arch culvert for said stream, under said railroad, with an opening twelve feet wide and ten feet five inches high in the arch, and to fill all the space then and now occupied by said trestle work with a bank of earth, so that no opening would remain for the water coming down the stream save and except that of said stone arch culvert; that since the commencement of this suit said culvert has been constructed, as aforesaid; that said defendant is now proceeding to, and is about to, fill up the intervening space under and along said railroad track where the trestle work now is, with an earth embankment, entirely closing up the passage way for the water, save and except said stone arch culvert; that during the rainy seasons of the year, in the fall, winter, and spring, and during the times of ordinary rain falls, especially in times of heavy rain falls, the water flows, and will flow, down said stream in such amounts that said stone arch culvert will be wholly insufficient to carry away said

water under said railroad; and by reason of the construction of said culvert and the filling in of the embankment, the water coming down the stream will be impeded in its flow, dammed up and backed upon the lands of the plaintiffs; that said lands are all farming lands, subject to cultivation in annual crops, and to pasture, and as such are used by plaintiffs, and that there are situated on said lands fences and other improvements necessary in the use and occupancy of said real estate; that by the backing up of the water as aforesaid on said lands, the plaintiffs' said lands will be damaged, their fences will be destroyed, and other improvements upon said real estate will be injured by the water thereon, and their growing and annual crops will be drowned out, injured and prevented from growing, and their grass lands thereon will be wholly unfit for use; and by reason of the facts aforesaid the plaintiffs will receive great and irreparable injury, of such character as can not be estimated and measured in money damages, and that the damage will be continuous from year to year, and that plaintiffs would be compelled, in order to recover from defendant compensation for the damage thus sustained, to bring numerous suits against defendant.

We think this complaint was sufficient for the restraining order prayed for to prevent the threatened injury.

In High on Injunction, section 12, it is laid down as a general rule that whenever the rights of a party aggrieved can not be protected or enforced in the ordinary course of proceedings at law, except by numerous and expensive suits, a court of equity may properly interpose and afford relief by injunction.

In section 23, of the same work, the author says that the appropriate function of the writ of injunction is to afford preventive relief only, and not to correct injuries

which have already been committed. It is for the prevention of a future injury actually threatened, and to prevent the perpetration of a legal wrong for which no adequate remedy can be had in damages.

In the case of the *Mohawk Bridge Co.* v. *Utica, etc., Co.*, 6 Paige, 554, Chancellor Walworth said: "If the magnitude of the injury to be dreaded is great, and the risk so imminent that no prudent person would think of incurring it, the court will not refuse its aid for the protection of the 'complainant's rights, by injunction, on the ground that there is a bare possibility that the anticipated injury from the noxious erection may not happen."

The erection of a mill dam, as said in High on Injunction, section 839, in such a manner that the inundation caused by the back flowage of the water lessens the value of complainant's land, destroys his timber and imperils the health of the neighborhood, will be enjoined.

In *Stone* v. *Roscommon Lumber Co.*, 59 Mich. 24, it was held, that injunction would lie to prevent the flooding of the plaintiff's land, if it appeared that the threatened injury were of a character to render the property comparatively worthless for the purposes to which it was best adapted, and for which it was intended by the owner, without regard to the amount of the immediate damage sustained; that the fact that annual freshets in some degree impeded the growth of hay on the land would not relieve the defendant from liability for erecting a dam in such a manner as to flood such land, thereby destroying its value for the purposes to which it was best adapted; that a person will not be allowed to destroy the property of another by a series of threatened trespasses, and then remit him to his remedy at law to recover damages sustained, but equity will interfere to enjoin the threatened

injury at any period of its perpetration, and thus prevent a multiplicity of suits.

*Bemis* v. *Upham*, 13 Pickering (30 Mass.), 169, was a case where an injunction was sought to prevent the keeping up of a mill dam, which set back the water so as to overflow the plaintiff's dam higher up. It was admitted by the defendant in that case that the grievance complained of was a nuisance, but it was objected that there was an adequate and complete remedy at law. The court held that a decree in equity was the only sufficient remedy, inasmuch as such decree could extend to all parties having an interest, and bind them effectually forever; that, instead of requiring an entire prostration of the nuisance, the decree might be modified and adapted to the just rights of the parties. It might order an abatement in part, determine the height to which the dam might be kept, the terms on which it might be kept up, the mode of using the water, and other incidents.

So, in the case before us, the restraining order forbidding the filling up of the trestlework with earth might be, and, in fact, was, so modified that the appellant might be allowed to fill up the whole space except that occupied by the culvert, and an additional space of fifteen feet, and thus adapt the decree to the just rights of the parties, giving to the appellees all the relief necessary to allow the floods to escape readily, and so protect their land from the overflow, and at the same time enable the appellant, with the least inconvenience, to put its road in good condition.

We think the relief by injunction was the only adequate and complete remedy, and that the complaint is good for that purpose. *McGoldrick* v. *Slevin*, 43 Ind. 522; *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248; *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178; *Owen* v.

*Phillips,* 73 Ind. 284; *Patoka Township* v. *Hopkins,* 131 Ind. 142; *Wilmarth* v. *Woodcock,* 58 Mich. 482; *G. H., etc., R. W. Co.* v. *Tait,* 63 Tex. 223; *Moore* v. *Chicago, etc., R. W. Co.,* 75 Iowa, 263; 10 Am. and Eng. Encyc. of Law, 835, 843, 977.

Under the assignment of error, that the court erred in its finding of facts and conclusions of law, counsel argue only that the evidence does not sustain the finding. The record shows that there was ample evidence in support of the allegations of the complaint and the findings of the court. Under numerous decisions, this is sufficient, even though there were certain computations offered in evidence to show that the culvert might carry the water. For such conflict of testimony, if it be such, we can not disturb the findings. The court seems to have arrived at a just and equitable adjustment of the rights of both parties.

The judgment is affirmed.

Filed Nov. 10, 1893.