## DRAKE v. SCHOENSTEDT.

[No. 18,349.   Filed December 9, 1897.]

DRAINS.—*Injunction.*—For the purpose of preventing threatened injury to land and avoiding a multiplicity of damage suits therefor, one may be restrained from flooding the lands of another with waters that would not naturally flow thereon. *pp. 91, 92.*

SAME.—*Injunction.*—Where a drain was constructed under the provision of section 5656, Burns' R. S. 1894 (4286, R. S. 1881), and a forty-acre tract of land was assessed, with benefits, for the drainage of two acres of such tract, the owner thereof will be restrained from draining additional portions of such forty-acre tract by lateral ditches into such drain, where it is shown that such waters naturally flow in another direction, and that such drain is insufficient to carry such additional water without damage to other landowners whose lands are drained by such ditch.   *pp. 92-94.*

From the Adams Circuit Court.   *Reversed.*

*Peterson & Lutz,* for appellant.

*Richard K. Erwin,* for appellee.

HOWARD, C. J.—This was a suit by appellant to restrain appellee from draining into a tile ditch, to the injury of appellant's land, certain waters which otherwise would flow in a different direction.

The facts as found by the court show:   That appellant owns thirty acres of land lying immediately south of and below a forty-acre tract owned by appellee; that, in 1888, the board of county commissioners constructed a six-inch tile drain, beginning in appellee's said tract and eight rods north of the line dividing his land from appellant's, thence south through said eight rods of appellee's land and through appellant's said tract to an outlet in another drain, called Meyer's ditch; that said thirty acres of appellant's land was in said proceeding estimated as benefited by said tile drain, and the whole thereof assessed therefor; that two acres only of appellee's said land near to and

Drake *v.* Schoenstedt.

around the head of the drain, were estimated as bene-
fited, but the whole forty acres were assessed there-
for; that said tile drain is sufficiently large to carry
off all the water which naturally comes on said two
acres of appellee's and said thirty acres of appellant's,
but is not sufficient to carry any more; that appel-
lant's grantor was assessed for the construction of
said drain $126.20, with $11.16 costs, and appellee
$14.05, with $1.24 costs; that two and a half or three
acres of appellee's land surrounding the head of the
tile ditch are drained into it; that the appellee is con-
structing private drains on parts of his said forty-
acre tract so assessed, with a view of putting tile
therein and connecting said tile and drains to said
public drain, and by so doing will bring waters from
distant parts of his said land into said public drain,
which waters would flow in another direction and
would not, but for said private drains, flow into or
be drained by said public drain, thereby adding more
water, and draining from fifteen to twenty acres of his
said land into said public ditch, the addition of which
will keep back the water which falls or comes natur-
ally on appellant's land, and thereby injure the same.

As its conclusion of law the court found that the
appellant should take nothing by her complaint.

The facts found show that the six-inch tile drain
constructed in 1888 was calculated and intended to
drain appellant's thirty acres and appellee's two acres,
and no more, and that the assessments were made ac-
cordingly. It also appears that appellee is now about
to drain into said tile the waters on fifteen or twenty
acres additional, which waters naturally flow in an-
other direction; and that if such additional drainage
is turned into the six-inch tile it will prevent the
drainage of appellant's lands and thus damage her.

It has frequently been held that, for the purpose of

preventing threatened injury to land and avoiding a multiplicity of damage suits therefor, one may be restrained from flooding the lands of another with waters that would not naturally flow thereon. *Lake Erie, etc., R. W. Co.* v. *Young,* 135 Ind. 426, 41 Am. St. 430, 58 Am. and Eng. R. R. Cases 665, and authorities there cited.

The reason that seems to have influenced the court in refusing the injunction in this case is, that appellees's forty-acre tract was all assessed for the construction of the six-inch tile drain, and that he had therefore a right to turn the waters from all that tract into said drain. This would undoubtedly be true if the drain had been originally constructed with a capacity sufficient to receive such waters. But the drain was made of a capacity to draw off the waters from two acres only of appellee's land, being all that naturally flowed in that direction, and appellee was assessed only to that extent.

In *McAllister* v. *Henderson,* 134 Ind. 453, it appeared that two adjoining proprietors had constructed a tile drain of sufficient capacity to carry the water that would naturally flow along the course of the drain as then laid. Afterwards the upper proprietor lowered the drain on his ground, and also, as in this case, constructed lateral drains, bringing into said tile waters that did not naturally flow therein, thus overtaxing the drain and rendering it insufficient for the drainage of the lower proprietor's land. The court held that by such action the upper proprietor had wrongfully caused waters to flow into the drain, and through the drain into and upon the lands of his neighbor.

If the drain were originally constructed of a capacity to carry all the water that fell upon appellee's land, we should have quite a different case. For, as said in *Lipes* v. *Hand,* 104 Ind. 503, "where the con-

struction of a large ditch enables property owners to
carry their lateral ditches into it, and thus secure
good drainage without encroaching upon the rights of
others, there is a special benefit. This results from
the rule that one landowner has no right to collect
water in a body and pour it upon the land of another.
* * * Where a landowner obtains an outlet for the
lateral ditches constructed for the drainage of his
land, by means of a large ditch, or by reason of the
widening, deepening, and straightening of a natural
stream, he receives a special benefit, for he is thus pro-
vided with means of drainage without injury to
others."

This was not done in the case before us. A large
ditch was not here constructed of a capacity to re-
ceive lateral ditches to drain appellee's whole forty
acres; but merely a six-inch tile drain was laid, suffi-
cient only to receive the waters that naturally flowed
from two acres of appellee's land and thirty acres of
appellant's. It would, therefore, be manifestly inequit-
able now to allow him to turn from their natural
course into this small drain all the waters on his
forty acres, and thus render the tile insufficient for
the drainage of the land of appellant.

In estimating that two acres of appellee's land
would be benefited, and in assessing this benefit upon
his forty-acre tract, the drainage authorities seem to
have proceeded in strict accordance with the statute
(section 5656, Burns' R. S. 1894, 4286, R. S. 1881),
which provides that "they shall accurately describe, as
the same is described on the county tax duplicate,
each parcel of land to be assessed for the construction
of said ditch, giving the number of acres in each tract
assessed, and the estimated number of acres bene-
fited."

Nor is it to be said that if the injunction in this case

is issued that appellee will be unable to drain that part of his land now sought to be drained by lateral ditches. In the first place, the court finds that the waters sought to be turned into the old tile drain are waters "which would flow in another direction and which would not, but for said private drains, flow into or be drained by said public ditch." It would, therefore, seem that appellee ought to seek another outlet for his proposed drainage, and not attempt to force the waters out of their natural course and over and upon appellant's land. But even if the proposed drainage might properly be conducted along the line of the old tile drain, there is nothing to prevent appellee from bringing his petition for that purpose; so that the six-inch tile may be taken up and a larger one substituted, sufficient in size to carry off all the waters from appellee's forty-acre tract and from such other lands, if any, as may be drained to the same outlet. That a new drain may be laid along the line and in place of an old ditch already in use, but insufficient for the drainage required, has frequently been decided. *Zigler* v. *Menges*, 21 Ind. 99; *Denton* v. *Thompson*, 136 Ind. 446.

The judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to enter judgment thereon in favor of the appellant.