## MORRIS v. STATE OF INDIANA.

[No. 22,313.   Filed October 10, 1913.]

1. DRAINS.—*Rights of Owners of Land Assessed.—Lateral Drains.
—Entry on Lands of Another to Construct.—Trespass.*—A land-
owner, whose land has been assessed for the construction of a
public drain under the provisions of §6140, *et seq.* Burns 1908,
Acts 1907 p. 508, which drain did not touch his land, has a
right to enter upon adjoining land, belonging to one of the peti-
tioners and through which such drain runs, for the purpose of
constructing a lateral drain from his land, and a judgment con-
victing him of trespass on such state of facts cannot be sus-
tained.   p. 196.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Prosecution by the State of Indiana against Richard A.
Morris. From a judgment of conviction, the defendant ap-
peals. *Reversed.*

*William Featherngill* and *Ivory J. Drybread,* for appel-
lant.

*Thomas M. Honan,* Attorney-General, and *Thomas H.
Branaman,* for the State.

MORRIS, J.—Appellant was charged, by information, with
an alleged trespass on the lands of one Huffman, in violation
of §2280 Burns 1908, Acts 1905 p. 584, §388. A trial by
the court resulted in a judgment of conviction. Appellant's
motion for a new trial assigned the insufficiency of the evi-
dence to support the finding. Subd. 9, §2158 Burns 1908,
Acts 1905 p. 584, §282. Overruling this motion is here as-
sailed as erroneous. There is no conflict in the evidence,
and the facts are as follows: For years, Huffman has owned
a 39-acre tract of land, and appellant has owned a 41-acre
tract adjoining it on the north. In 1910, a public tile drain,
petitioned for by Huffman and others, was constructed un-
der the provisions of the drainage act of 1907 (Acts 1907 p.
508, §6140 *et seq.* Burns 1908). This drain was constructed
through Huffman's tract, entering it near the northwest cor-

ner thereof, and extending through it in a southeasterly course, without touching appellant's tract. On the line dividing the two tracts was a partition fence. A little north of the fence was a small pond, three rods in diameter, on appellant's land. This was surrounded by a small tract of low land extending across the dividing line on Huffman's tract. Between this low land and the public drain, there was a small elevation. Before the construction of the public ditch, there was no practical outlet for the drainage of the little pond. One acre of appellant's tract (evidently that embracing the pond) was assessed as specially benefited by the construction of the public drain. In March, 1911, appellant commenced to dig a small tile ditch from the pond on his land to the public drain. The course of this ditch was in practically a straight line from the pond to the nearest point of contact with the public drain. Appellant entered on Huffman's tract, and partially constructed the lateral, after Huffman had forbidden him so to do. The result was this prosecution.

Appellant contends that he had a lawful right to enter on Huffman's land to construct the ditch from the public drain to his land that was assessed as specially bene-
1. fited, regardless of the consent of Huffman. In our opinion this contention should prevail. The Attorney-General calls our attention to *Drake* v. *Schoenstedt* (1897), 149 Ind. 90, 48 N. E. 629. That case in nowise conflicts with our holding here, for there while the appellee had only a tract of two acres that was estimated as benefited, he was attempting to collect water from another large tract of land and empty it into the public drain. Here, appellant was not attempting to burden the public drain with water collected from land not estimated as benefited. He was simply exercising his right to ditch his land that was assessed for the construction of the public drain. Unless it be assumed that an owner may lawfully construct lateral ditches draining his land assessed for the construction of a public drain, it would

be difficult in most cases to show any special benefits to land not touched by a proposed system of public drainage. *Lipes* v. *Hand* (1885), 104 Ind. 503, 508, 1 N. E. 871, 4 N. E. 160; *Culbertson* v. *Knight* (1899), 152 Ind. 121, 52 N. E. 700.

There was no evidence to sustain the charge contained in the information, and the court erred in overruling appellant's motion for a new trial. Judgment reversed, with instructions to sustain said motion.

NOTE.—Reported in 102 N. E. 830. See, also, 38 Cyc. 1183; 14 Cyc. 1055.