SCHULTZ ET AL. *v.* FORST ET AL.

[No. 10,534. Filed October 7, 1920.]

DRAINS.—*For Whole of Tract Assessed.—Incapacity of Drain.— Construction of Statute.*—All the water falling or flowing by natural means upon any part of land assessed for a drain constructed under Acts 1885 p. 129, may be conducted into such drain by laterals, although, on account of a watershed on the tract, water from part of the tract may not naturally flow into or toward such drain, and although the drain as constructed was not intended and is of insufficient capacity to carry all the water from such tract. (*Drake* v. *Schoenstedt*, 149 Ind. 90, distinguished.)

From Huntington Circuit Court; *C. K. Lucas,* Special Judge.

Action by Frank Schultz and others against John Forst and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Fred H. Bowers* and *Milo H. Feightner,* for appellants.

*W. A. Branyan* and *Wilbur E. Branyan,* for appellees.

McMahan, C. J.—Where a petition for a public drain was filed in the circuit court and the drain constructed under Acts 1885 p. 129, and where an assessment was laid on the whole of a forty-acre tract of land, the water falling or flowing by natural means upon such land may be conducted into such drain by laterals. This is true even though there is a watershed on such tract and the water from part of such tract does not naturally flow into such drain or in that direction. The fact that the drain as constructed is not of sufficient capacity and was not intended to carry all the water from such tract will not authorize the granting of an injunction prohibiting the owner of such tract from draining the whole tract so assessed into the drain for which it was assessed. *Meyer* v. *Plotner* (1917), 64 Ind. App. 74, 112 N. E. 901; *Williams* v. *Osborne* (1914), 181 Ind. 670, 104 N. E. 27; *Morris* v. *State* (1913), 180 Ind. 195, 102 N. E. 830.

The case of *Drake* v. *Schoenstedt* (1897), 149 Ind. 90, 48 N. E. 629, cited by appellant is not applicable. The drain involved in that case had been established under a different statute than the one here involved. Judgment affirmed.