SCHLEMAN *v.* LEEKA ET AL.

[No. 11,127.    Filed June 23, 1921.    Rehearing denied January 31, 1922.    Transfer denied October 12, 1922.]

WATERS AND WATER COURSES.—*Diversion of Water Causing Obstruction of Drainage Ditch.*—*Injunctive Relief.*—Where defendant turned the waters from a ditch on his land into a ditch draining plaintiff's lands, thereby causing the formation of a sand bar at the point of junction which threatened overflow of plaintiffs' lands immediately above, he was properly enjoined from maintaining the connecting ditch and ordered to restore the other ditch to its former conditions.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Charles F. Leeka and others against William Schleman. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*E. D. Crumpacker, Grant Crumpacker* and *Owen L. Crumpacker,* for appellant.

*William Daly, E. J. Freund* and *George C. Gregg,* for appellees.

NICHOLS, P. J.—It appears by the special finding in this case that appellees were the respective owners of certain tracts of land which were drained by a public drain known as the Philips ditch, and that appellant was the owner of a certain other tract of land lying below appellees' land, which was crossed and in part drained by said Philips ditch, on its way to the Kankakee river. Appellant's land was also crossed and in part drained by another drain known as the Breyfogle ditch, which last named ditch before reaching appellant's land drained a large area not affected by or assessed for the construction of the said Philips ditch. The slight fall and other conditions of the Breyfogle ditch were such that it became filled, and when cleaned out, it rapidly filled again, so that at the time of, or soon after the construction of the Philips ditch, it filled again and did not sufficiently drain appellant's land. In the fall of 1914, appellant by constructing a ditch, or rather cleaning out an old channel, turned the waters of the Breyfogle ditch into the Philips ditch, and soon thereafter, sand was deposited in the bottom of the Philips ditch below the point of junction to a depth of a foot and a half, and a sand bar formed at the point of junction to a depth of two feet. The lands of the nearest appellee are two and four-tenths feet above the point of junction aforesaid. The drainage basin is level, having a fall of not more than four and one-half feet to the mile. It is apparent that if this condition continues, appellees' lands must soon be damaged by the filling of the Philips ditch. The special finding is long, covering nearly twenty-two pages of the record, but the foregoing facts present the substantial question involved. The court

concluded as a matter of law that appellant should be enjoined from maintaining the connecting ditch, and that he should restore the Philips ditch to the condition which it was in immediately before the construction of the connecting ditch, and rendered judgment accordingly. In the case of *Young* v. *Gentis* (1893), 7 Ind. App. 199, 32 N. E. 796, the principles involved were substantially the same as herein, and this court, in an opinion written by Crumpacker, C. J., decided the law to be against appellant's contention. See, also, *Drake* v. *Schoenstedt* (1897), 149 Ind. 90, 48 N. E. 629. Judgment affirmed.

McMahan, J., does not participate.