### WILLIAM GILLETT *vs.* GRATA JOHNSON.

A spring on the defendant's land, sixteen rods from the land of the plaintiff, supplied a small stream of water that ran to the plaintiff's land, the water as it came from the spring being sufficient to fill a half inch pipe, and the flow being constant and nearly uniform, except in very dry times when it failed to run.   For seven rods the stream descended rapidly, in a well defined course, to a piece of marshy ground, where it spread so that its flow was slight and not sufficient to break the turf, but was generally sufficient to form a continuous sluggish current along the surface in a natural depression, to a watering place within the plaintiff's line.   Held to be a water course, within the meaning attached in law to that term.

Held also, that the defendant, while having the right to use the stream for purposes of irrigation, was bound to apply it in such reasonable manner and quantity as not to deprive the plaintiff of a sufficient supply for his watering place.

ACTION on the case, for the diversion of a stream of water, tried in the superior court on the general issue, closed to the court, before *Seymour, J.*

On the trial it appeared that the plaintiff owned the premises described as his in the declaration, and that the defendant owned an adjoining close, and that on the defendant's premises was a spring, the waters of which, before the diversion complained of, had, from time immemorial, found their way to

the premises of the plaintiff, and furnished him with a convenient watering place for his cattle. As measured by the course of the water, the spring was about sixteen rods from the dividing line of the parties. The watering place was in the plaintiff's close, near the dividing line. The spring usually furnished an amount of water that would require a half-inch pipe to carry it off; the supply being constant, and nearly uniform, except that in very dry years it failed to run. For the distance of about six or eight rods the water descended rapidly, in a well-defined course between abrupt banks; it then came to marshy ground, where the descent was slight, and the water was spread so that its flow during the summer months was slight, not sufficient to prevent grass from growing along its course, nor sufficient to break the turf of grass, but generally sufficient to form a continuous sluggish current along the surface, in a natural and defined bed or depression, to the plaintiff's watering place; and, except in very dry seasons, the watering place was amply supplied with water from the spring, either directly by the current, or indirectly and imperceptibly through the marshy ground. The defendant had made a dam on her own land, across the current, about six rods below the spring, and by means of the dam and of ditches she had turned the water for purposes of irrigation on to her own land, where the water was absorbed; and the plaintiff was thereby deprived of it, so as to lose the benefit of his watering place. The defendant applied the water to a useful and beneficial purpose, and the manner of the application was prudent and husbandlike. The plaintiff had no other convenient place on his close for watering cattle. The defendant claimed that no action would lie upon these facts for the alleged diversion, for that she had a right to the use of the water of the spring for irrigating her land. She also claimed that the facts did not show the existence of any water course from the spring to the plaintiff's premises, because, as she claimed, the elements which, in point of law, constitute a water-course, were wanting.

The court decided adversely to the claims of the defendant,

and rendered judgment for the plaintiff, and the defendant thereupon moved for a new trial.

*Wooster,* in support of the motion.

The elements of a water-course are wholly wanting. It had no *banks.* It is found by the court that the water merely "found its way" to the plaintiff's premises. Angell on Water-courses, § 4. The defendant had a right to use the water for irrigation. The court finds that the manner of the application was prudent and husbandlike. For such a use the defendant is not liable. Id., §§ 5, 123. *Perkins* v. *Dow,* 1 Root, 535. *Wadsworth* v. *Tillotson,* 15 Conn., 377. *Weston* v. *Alden,* 8 Mass., 137. *Anthony* v. *Lapham,* 5 Pick., 175. *Sampson* v. *Hoddinott,* 1 Com. Bench, *N. S.,* 590. Especially has the defendant this right if the use of the water was not necessary to the plaintiff, which it is not found to be here. Angell on Water-courses, § 121. *Evans* v. *Merryweather,* 3 Scam., 496.

*Gillett,* contra.

The stream was a water-course within the meaning of that term in law. The elements of a water-course are said to be a *bed, banks,* and *water.* It is found to have run along a natural depression in the ground, which implies a bed and banks. It is not necessary to a water-course that the water should flow constantly. Angell on Water-courses, § 4. The use of the water by the defendant was an artificial use, not a natural one. The natural use for drinking, by men and cattle, must take precedence. This distinction is forcibly presented in the case of *Evans* v. *Merryweather,* 3 Scam., 496. It is also recognized in *Wadsworth* v. *Tillotson,* 15 Conn., 377. The right of the defendant to the use of the water for irrigation, was a right to be used reasonably, and so as not to consume all the water and leave the plaintiff unsupplied. She had no right to make any use of it that would seriously diminish his supply. *Anthony* v. *Lapham,* 5 Pick., 175.

BUTLER, J. The facts detailed in this motion do not show

Gillett *v.* Johnson.

that any injustice was done to the defendant by the decision of the court below.  It clearly appears that a water-course existed from the spring to the premises of the plaintiff, which had been immemorially and beneficially used by him for watering his cattle.  It was a small but constant stream, failing only when all or nearly all such small streams fail, by reason of drought ; running rapidly in a well defined course between abrupt banks, where the fall was considerable ; and sluggishly but continuously in a natural and defined bed, where the fall was less ; and it had in these respects the characteristics observed, to a greater or less extent, in all such small streams.  The quantity of water was also considerable to be furnished by a single spring, and it required a dam and ditches to divert it on to the defendant's land, and when so diverted it served a useful and valuable purpose.  These facts are sufficient to show that a water-course, valuable to both plaintiff and defendant, existed.

The right of the defendant to use the stream for purposes of irrigation can not be questioned.  But it was a limited right, and one which could only be exercised with a reasonable regard to the right of the plaintiff to the use of the water. It was not enough that the defendant applied the water to a useful and proper purpose, and in a prudent and husbandlike manner.  She was also bound to apply it in such a *reasonable manner and quantity* as not to deprive the plaintiff of a sufficient supply for his cattle.  This principle was fully discussed and recognized by this court in *Wadsworth* v. *Tillotson*, 15 Conn., 377, and the earlier cases there cited, and a new or extended examination of the authorities is unnecessary.  The claim of the defendant was that she had a right to divert the whole for the purpose of irrigation, regardless of the rights and necessities of the plaintiff, and she did so divert it.  Such diversion under the circumstances was clearly unreasonable and therefore illegal, and the court correctly rendered judgment for the plaintiff.

A new trial should be denied.

In this opinion the other judges concurred.