WILLIAM GILLETT *vs.* GRATA JOHNSON.

Under the statute (Rev. Stat., tit. 1, § 3,) which prescribes the form of oath to be taken and indorsed upon the writ, upon the direction of a writ of attachment to an indifferent person for service, and which requires that the plaintiff or his attorney shall make oath that the plaintiff "is in danger of losing the debt (damage or other thing as the case may be) in this writ, &c.," an oath that the plaintiff is in danger of *losing the debt in this writ,* is sufficient, although the suit is an action on the case and the demand is for unliquidated damages.

ACTION on the case for the diversion of a stream of water. The writ, which was one of attachment, was directed to and served by an indifferent person, and the defendant pleaded in abatement that it was not lawfully so directed and served, because the oath administered by the magistrate to the attorney of the plaintiff was not in conformity with the statute, which prescribes the form of the oath in such case. The case is sufficiently stated in the opinion. The plea in abatement was overruled in the superior court by *Mc Curdy, J.*, and after final judgment for the plaintiff the defendant brought the record before this court by motion in error.

*Wooster,* for the plaintiff in error, cited *Eno* v. *Frisbie,* 5 Day, 122, and *Case* v. *Humphrey,* 6 Conn., 130, 138.

*Gillette*, for the defendant in error, cited *Augur* v. *Augur*, 14 Conn., 82, and Bouvier's Law Dict., *Debt*.

HINMAN, C. J. This is an action on the case for diverting a stream of water. There was a plea in abatement, on the ground that the writ was improperly directed to and served by an indifferent person, because the oath which was administered to the plaintiff's attorney, in order to procure it to be so directed, was not in the form prescribed in the statute. In the affidavit, made for this purpose, and indorsed on the writ, the claim or demand for damages was called a "debt," so that, by the affidavit actually administered, the attorney made oath that " he verily believed the plaintiff is in danger of losing the debt in this writ, unless an indifferent person be deputed for the immediate service of the same ; " and the claim is that this rendered the direction and service illegal and the writ therefore abateable. Perhaps it would have been more proper, strictly speaking, to have used the term " damages " to designate the claim which was made upon the defendant in the writ. No doubt such a designation would have been technically accurate ; and the statute, with our decisions upon it, does require that the prescribed oath should be administered. But we think the words " debt, damage or other thing," mentioned in the form of the oath, are not prescribed as intended invariably to be used as a part of the form itself. If so, then it would be necessary to use them all in every case, which we suppose was never intended, and is entirely contrary to the practice. The obvious intention, therefore, was that such of the words as might be applicable to the particular process to be directed should be used. But if none of them were in fact applicable, then any words which would properly designate the claim or thing demanded in the writ, were intended to be substituted for them. The words are not given as a part of the form of the oath, but only as a description of the various claims or demands usually contained in writs, and are put by way of example, to guide the magistrate in such cases as may occur where the words " debt " or " damage " will neither of them properly describe the claim made. Hence

there is added to the words "debt" or "damage," the words "or other thing," which are obviously improper words to be used alone, without any word to precede them, the meaning of which they are intended to qualify or enlarge. If we are correct in what has been said, it seems to follow that in respect to that part of the oath which is intended as a description of the claim or demand made in the writ, any words which are in point of fact accurate in such description may properly be used, and are sufficient. Now the meaning of the word debt, as used in this oath, is made perfectly clear by reference to the writ. It can mean nothing more or less than the demand made in the writ. And this is but another form of saying "the damages in the writ." And, as no one could mistake its meaning, we are of opinion that the superior court correctly held the oath to be sufficient, and the writ properly directed to an indifferent person for service.

There is, therefore, no error in the judgment complained of.

In this opinion the other judges concurred.