JOHN PYLE, PLAINTIFF IN ERROR, v. MILTON RICHARDS ET AL., DEFENDANTS IN ERROR.

1. Water-course defined. To constitute a water-course the size of the stream is not material. It must, however, be a stream in fact, as distinguished from mere surface drainage occasioned by freshets or other extraordinary causes, but the flow of water need not be continuous.

2. ———. Where water has a definite source, as a spring, and takes a definite channel, it is a water-course, and no person through whose land it flows has a right to divert it from its natural channel so as to cause injury to another landowner.

3. ———: DIVERSION OF STREAM: DAMAGES. Although surface water may accumulate in the channel of a stream which is dry a part of each year and greatly increase the flow of water at times, yet it will not defeat a recovery for injuries arising from from the diversion of the stream whereby its water was discharged over the land of another.

ERROR to the district court for Richardson county. Tried below before GASLIN, J., sitting for BROADY, J.

*Isham Reavis*, for plaintiff in error, cited: Angell Water Courses, § 4. *Hoyt v. Hudson*, 27 Wis., 661. *Eulrick v. Richter*, 37 Wis., 226. Cooley Torts, 575. *Flagg v. Worcester*, 13 Gray, 601.

*Edwin Falloon*, for defendant in error, cited: *Davis v. Londgreen*, 8 Neb., 43. *Boyd v. Conklin*, 20 N. W. R., 598, and cases cited.

MAXWELL, J.

This action was brought by Richards against the plaintiff in error in the district court of Richardson county to recover damages for injury to his land by the alleged diversion of the course of a stream, whereby it discharged its waters on Richards' land. The answer was a general denial. The cause was tried to a jury and a verdict returned in favor of Richards, upon which judgment was rendered.

The first error assigned is, that the evidence is insufficient to sustain the verdict, as it is claimed that the proof fails to show the existence of a water-course, hence there could be no diversion.

The testimony tends to show the following facts: That the lands of the plaintiff and defendant are south of the Nemaha river in Richardson county, and that the A. & N.

Ry. runs nearly on the line between their respective tracts of land; that the plaintiff's land is south of and higher than that of the defendant; that one or more ravines extend some distance above the plaintiff's land, in which are certain springs from which during a great portion of the year flows a small stream. As stated by one witness, "In very dry weather once in awhile it went dry, or partially so; down at the road it sinks a great deal of the time; in wet weather it runs all the time." The natural course of this stream is north-east through the plaintiff's land. The plaintiff built a dam across this water-course, and made a new channel for the stream running north, so that its waters were discharged against the railroad, thence through what is designated in the testimony as the *west* culvert on the lands of the defendant. The testimony also tends to show that a large amount of surface water from melting snows or heavy rains also flows through said water-course.

To constitute a water-course the size of the stream is immaterial. It must be a stream in fact, as distinguished from mere surface drainage occasioned by freshets or other extraordinary causes, but the flow of water need not be constant. *Shields v. Arndt,* 3 Green's Ch., 234. *Gillett v. Johnson,* 30 Conn., 180. *Bassett v. Manfg. Co.,* 43 N. H., 569. *Dudden v. Guardians, etc.,* 38 Eng. Law and Eq., 526.

In *Shields v. Arndt* it is said: "There must be water as well as land, and it must be a stream usually flowing in a particular direction. It need not flow continually, as many streams in this country are at times dry."

When water has a definite source, as a spring, and takes a definite channel, it is a water-course, and no person through whose land it flows has a right to divert it from its natural channel so as to cause injury to another land-owner by the diversion. *Dudden v. Guardians, etc.,* 1 H. & N., 630. *Gillett v. Johnson,* 30 Conn., 180. *Luther v. Winnisimmet,* 9 Cush., 171. *Kaufman v. Griesemer,* 26 Penn. St., 407.

Pyle v. Richards.

In our view, therefore, the verdict is responsive to the evidence, and this disposes of the second objection, that the plaintiff did nothing but obstruct the flow of surface water over his own land.

Objection is made to the third paragraph of the instructions, which is as follows:

"3d. If you find there was not a continuously flowing stream of water on the defendant's land, but you find there was a natural, well-marked, and defined channel in which water flowed a portion of the time, and was a natural receptacle for and in which surface water naturally accumulated and flowed, and you find the defendant constructed and erected a dam or obstruction across the same, thereby obstructing and accumulating water and preventing its natural flow, and you find that defendant cut a channel or ditch, so as to turn the said accumulated water upon said land of the plaintiffs, and thereby injured and damaged the same, you will find for the plaintiffs."

The court, in the second paragraph, had stated the rule as to a stream flowing continuously, and the evident object of the third paragraph was to state the rule in regard to a stream that did not flow continuously, although it might also become a receptacle and channel for surface water. Surface water usually finds its way into and is carried off by the natural water-courses; and the fact that it accumulates in them, or greatly increases the flow of water at times, will not defeat a recovery. There is no error in the instruction. It is very clear that substantial justice has been done, and there is no error in the record. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.