Todd *et al. v.* Badger *et al.*

Filed April 4, 1893.

---◇---

No. 15,851.

## Todd et al. v. Badger et al.

Demurrer.—*Overruling to Argumentative Answer.—No Available Error.* —It is not reversible error to overrule a demurrer to a paragraph of answer which amounts merely to an argumentative denial of the matters alleged in the complaint.

Judgment.—*Non Obstante Veredicto.—Interrogatories to Jury.—Damages.—Obstructing Stream.*—Judgment should not be rendered on answers to interrogatories notwithstanding the general verdict, unless there is an irreconcilable conflict between the general verdict and the answers to the interrogatories; and, in an action for damages to crops and lands by reason of the construction of a dam across a stream, the general verdict awarding damages to the plaintiff is not irreconcilably in conflict with the answers to interrogatories which show that the crops and lands would have been damaged in the absence of the dam, but that the dam might have aggravated the damages.

From the Wabash Circuit Court.

*C. E. Cowgill, H. B. Shively* and *H. C. Pettit*, for appellants.

*A. Taylor* and *J. D. Conner*, for appellees.

COFFEY, C. J.—The complaint in this case alleges, substantially, that the plaintiffs are the owners, tenants in common, and in the possession of certain described land in Wabash county, Indiana; that in the year 1887 a certain public ditch, eleven hundred and eighty-eight feet in length, known as Badger's Ditch, was established and constructed by order of the Wabash Circuit Court; that said ditch begins at a point about twenty rods west of the junction of Shugrue creek and Rock Springs branch, which streams flow in a southwesterly direction over the lands of the appellees Badger and Badger to the Wabash river; that said public ditch runs from the point of beginning south to the Wabash and Erie canal; that in the spring of 1888 the appellees, for the purpose of damaging the appellants, and for the purpose of destroying the growing crops on their land, cut a ditch from the junction of said creeks east to the said public ditch, and did erect a dam in the bed of said creeks, and thereby turned the water flowing in said streams into said ditch; that by reason of said dam the water usually flowing in said streams was forced back on the surrounding lands, including the lands of appellants, overflowing the banks of said streams, and damaging the growing crops thereon; that the public ditch, not having been constructed for that purpose, was not sufficiently large to contain the water flowing in said streams, and by reason thereof overflowed the banks thereof and escaped to the lands of the appellants, damaging the land, ruining the growing crops thereon, and the appellants' fences and drains, to their damage, and thereby creating a nuisance.

The appellees filed an answer consisting of five para-

graphs. The court sustained a demurrer to the second, third, and fifth paragraphs of the answer, and overruled it to the fourth.

A trial by jury resulted in a general verdict for the appellants for the sum of fifteen dollars.

With the general verdict the jury returned answers to special interrogatories, upon which the court rendered judgment for the appellees notwithstanding the general verdict.

By the assignment of errors, the appellants call in question the action of the court in overruling their demurrer to the fourth paragraph of the answer, and in rendering judgment for the appellees on the answers to special interrogatories notwithstanding the general verdict.

The fourth paragraph of the answer in question amounts to nothing more than an argumentative denial of the matters alleged in the complaint. There was no available error in overruling a demurrer to it.

From the answers to interrogatories, from number one to number twelve, it appears that prior to the construction of what is known as the Badger Ditch, Shugrue creek and Rock Springs branch flowed in a well defined channel both above and below their junction, and from such junction they flowed in a southwesterly direction over the lands of the appellees Henry Badger and Granville Badger, into the old Wabash and Erie canal. In the spring of 1887, Shugrue creek was turned into the Badger ditch by the direction of the appellees Henry Badger and Granville Badger, by erecting in its channel a dam at a point where it crossed the north line of their land, and by throwing up a levee on its banks east of the dam, after which the waters flowing in that stream emptied into the ditch. The ditch was not sufficiently large to contain the waters flowing into it from Shugrue creek and Rock Springs branch, when such streams were

Todd *et al. v.* Badger *et al.*

bank full. On the 7th day of July, 1888, by reason of heavy rains, the water flowing in these streams and into the ditch overflowed their banks, and, in part, overflowed the lands of the appellants, injuring the land and the growing crops then on the same.

The remaining interrogatories and the answers to them, so far as they affect the question before us, are as follows:

"13. If Shugrue creek had not been obstructed by the erection of a dam and levee, would the waters flowing in its channel, on July 7th, 1888, have flowed in its ancient and original channel across the Badger land to its outlet? Yes.

"14. Did the construction of a dam across the channel of Shugrue creek and across the channel of Rock Springs branch, and the erection of a levee between the same, cause the water, in an unusual and extraordinary volume, to be discharged down the Badger ditch, and along the highway adjoining the same, and over the lands of David Cramer, and thereby onto the plaintiffs' land, submerging and damaging the same? In part.

"15. Would plaintiffs' land have been overflowed and submerged had the obstructions not been placed in the channel of said Shugrue creek and Rock Springs branch? Yes.

"17. What caused the overflow of plaintiffs' land on July 7th, 1888? An unusually heavy rain."

It is claimed, by the appellees, that the facts disclosed by the answers to the interrogatories are in irreconcilable conflict with the general verdict of the jury, while it is contended by the appellants that no such conflict exists.

The rule is that on a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption will be indulged in

favor of the general verdict, and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand. They override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause. *Indianapolis, etc., R. R. Co.* v. *Lewis*, 119 Ind. 218.

Assuming that the lands of the appellants were overflowed on the 7th day of July, 1888, by reason of unusual rains, that they would have been overflowed had there been no dam across Shugrue creek, and yet it was perfectly competent, we think, for the appellants to have proven, under the issues in the cause, that their lands were overflowed to a greater extent by reason of the dam, and that their damages were greater than they would have been in the absence of the wrongs alleged in the complaint.

It thus appears that there is no such conflict between the general verdict and the answers to interrogatories as may not have been removed by proper evidence admitted on the trial of the cause, under the issues as they existed. For this reason the court erred, in our opinion, in sustaining the motion of the appellees for judgment in their favor on the answers to interrogatories notwithstanding the general verdict.

As to whether there is such a case made as would authorize a judgment abating a nuisance, or such a case as would authorize the granting of an injunction, we intimate no opinion, for the reason that no such questions are discussed in the briefs of counsel.

Judgment reversed, with directions to the circuit court to overrule the motion of the appellees for judgment on

Board of Comm'rs of Hamilton Co. v. Indianapolis Natural Gas Co.

the answers to interrogatories notwithstanding the general verdict, and for further proceedings not inconsistent with this opinion.

Filed April 5, 1893.