## MAXWELL ET AL. v. SHIRTS ET AL.

[No. 3,812.   Filed October 31, 1901.]

WATERS AND WATER COURSES.—*Diverting Water.—Overflowing Adjoining Land.—Injunction.—Damages.—Complaint.*—A complaint for damages and to enjoin the defendants from diverting water upon the lands of plaintiffs alleged that two ravines from the banks of which and into which water flows from springs throughout the year unite upon defendant's lands adjoining the lands of plaintiffs, and that the natural outlet for the water is in a depression or pond upon defendant's land; that none of the water flows naturally upon plaintiff's land except in time of overflow; that defendants have wrongfully constructed a dam causing the water to leave its natural course and flow upon the land of plaintiffs, rendering the land unfit for cultivation, and are threatening to continue the same. *Held*, that the complaint states facts sufficient to constitute a cause of action, the question whether the stream is a water course being a matter of proof.  *pp. 530-533.*

SAME.—*Diverting Water.—Overflowing Adjoining Land.—Evidence.—Injunction.*—In an action to enjoin defendants from diverting water from its natural course and causing it to flow upon the lands of plaintiffs, and for damages, it was not error to permit a witness who was acquainted with the location to testify as to his observation of the course of the water a number of years before the commencement of the action.  *p. 533.*

SAME.—*Diverting Water.—Overflowing Adjoining Land.—Evidence.—Injunction.*—In an action for diverting water from its natural course causing it to flow upon the land of an adjoining owner, evidence of the construction of a ditch some years before near the stream was proper as tending to show the condition of the lands around the water course in question.  *p. 533.*

SAME.—*Diverting Water.—Overflowing Adjoining Land.—Landlord and Tenant.*—Where in an action for diverting water from its natural course and causing it to flow upon the lands of plaintiffs the evidence and findings showed that defendant's lands were in the possession of a tenant at the time of the acts mentioned, that the acts complained of were done by the tenant, and there was no evidence showing the nature of the tenancy or that the owner of the land had anything to do with the acts complained of, judgment was improperly rendered against the landowner.  *pp. 533-535.*

From Boone Circuit Court; *B. S. Higgins,* Judge.

Action by A. F. Shirts and others against J. D. Maxwell and another for diverting water on the land of plaintiffs. From a judgment for plaintiffs, defendants appeal. *Affirmed in part and reversed in part.*

*W. V. Rooker,* for appellants.

*George Shirts, W. R. Fertig, L. S. Baldwin* and *A. F. Shirts,* for appellees.

ROBINSON, J.—Action by appellees for damages and injunction. Complaint in two paragraphs, demurrers to which were overruled. Trial by court with special finding of facts, and conclusions of law. Appellants' joint and several motions for new trial overruled, and judgment and decree in appellees' favor. Errors assigned question the rulings on the demurrers and the motions for a new trial, also the correctness of the conclusions of law.

The complaint avers in substance that appellees and appellant Rooker own lands adjoining; that upon appellant's land are two ravines, from the banks of which and into which water flows from springs throughout the year; that these ravines come together upon appellant's land, and that the natural outlet for the water is in a depression or pond on appellant's land and that none of the water from this branch flows naturally upon appellees' land except in time of overflow; that appellants' have, without right, wrongfully constructed a dam on appellant Rooker's land across this branch whereby the water is prevented from following its natural course and running on appellant's land, but causing the water to leave its natural course and run onto appellees' land rendering the same unfit for cultivation; that appellants are threatening to continue the dam and to turn the water from its natural course upon appellees' land, also averring damages.

The complaint states sufficient facts to constitute a cause of action. It proceeds upon the theory that appellants have wrongfully diverted a natural water course from their own

land upon the land of appellees, to their damage. The complaint designates the stream of water as a water course, which has been defined by the courts to be a stream of water ordinarily flowing in a certain direction, through a defined channel, with bed and banks. *Weis* v. *City of Madison,* 75 Ind. 241, 39 Am. Rep. 135. Whether the stream here in question will come within this definition is a matter of proof. If the wrongful diversion of a natural water course has produced injury there is a liability. It has been held that the size of the stream is not material, and that if the water has a definite course "as a spring or springs, and takes a definite channel, it is a water course, and no person through whose land it flows has any right to divert it from its natural channel so as to injure another landowner." *Mitchell* v. *Bain,* 142 Ind. 604; *Gillett* v. *Johnson,* 30 Conn. 392; *Case* v. *Hoffman,* 84 Wis. 438, 54 N. W. 793, 20 L. R. A. 40, 36 Am. St. 937; *Pyle* v. *Richards,* 17 Neb. 180; *Macomber* v. *Godfrey,* 108 Mass. 219, 11 Am. Rep. 349; *Hebron, etc., Co.* v. *Harvey,* 90 Ind. 192, 46 Am. Rep. 199.; *Drake* v. *Schoenstedt,* 149 Ind. 90.

The facts found are that appellees own certain described lands, and east and north thereof and adjoining are the lands of appellant Rooker. A little west of south from the northeast corner of appellees' land is a pond or basin covering from three to five acres, and west of north of the same corner is a like basin or pond on appellant's land from two to five acres in extent. These ponds are about fifteen rods apart and have no natural channel or connection between them, there being a ridge about two and one-half feet high separating them. In 1893 appellees drained the pond on their land, which ditch was and is sufficient to carry away all the water that naturally collects in the pond, and after such drainage, until 1897, the land was cultivated. That north of east from the northeast corner of appellees' land and upon appellant's land are two ravines, along which are springs which flow therein, which ravines unite on appellant's land and form

one stream which flows in a westerly direction over appellant's land and into the Rooker pond, that this branch flowed continuously throughout the year in a well defined channel and emptied into the pond in which there was water throughout the year; that no water from this spring branch has at any time naturally flowed upon and over appellees' land and that no water from the Rooker pond has flowed onto appellees' land except in time of overflow from White river.    Facts are also found to show that on different occasions, beginning in 1883, the then owner of the Rooker land undertook to divert the channel of this branch by means of ditches and dams so that the water would flow into the pond on the land now owned by appellees, but that such changes were made without the knowledge or consent of the persons then owning the land now owned by appellees and that such owners would cut the dams and fill the ditches so as to turn the water into the original channel that ran into the Rooker pond, and two different times the water broke through the embankment that had been made to prevent the water flowing into the Rooker pond and made new channels, and the water flowed through these channels into the Rooker pond and continued to flow through the last channel so made until about ninety days before the bringing of this action, when appellants, without the knowledge or consent of appellees, placed a dam across the well defined channel and made an excavation which carried the waters onto the land of appellees; that on the 7th day of May appellees removed the dam and filled the excavation which were afterwards, on the same day, rebuilt by appellants and again removed by appellees, and notice given to the servants of appellant not to change again the course of the water, but no heed was given this notice and the dam was again rebuilt, and has since remained diverting the waters of the branch upon appellees' land and into the basin rendering the land therein worthless and injuring about five acres of land adjoining, to appellees' damage in the sum of $25; that appel-

lant Maxwell is the tenant of appellant Rooker, and in possession of the Rooker lands, and was such at the time of the construction of the dam across the channel last described.

.As conclusions of law the court stated that appellants, their agents, and servants, ought to be perpetually enjoined from diverting the water referred to from its natural course and thereby running the same on appellees' land; that they ought to remove any obstruction which they have constructed which diverts the water from its natural course onto appellees' lands, and that appellees ought to recover $25 as damages.

One of the questions to be determined was the course and terminus of the water course in question, and it was not error to permit a witness, acquainted with the location, to testify as to his observations of the course of the water a number of years before that. Appellants have not shown how they could be harmed by such evidence.

Objection is made to the testimony of a witness as to the construction of a ditch, some years previous, between the Shirts pond and the Rooker pond. It is true the parties to this action could not be bound by any acts of the witness, but the testimony was proper as tending to show the condition of the lands around the water course in question. Such testimony would not necessarily tend to show a license to flow the water in a particular direction.

Objection is made to the introduction of certain other testimony, but as it is not made to appear how appellants were or could have been harmed by its introduction we do not think it necessary to notice it more fully.

There is evidence to support the findings of the court that the natural outlet of the water was upon appellant Rooker's land, and that the course had been diverted so that the water is thrown upon appellees' land. The findings of the court as to appellant Maxwell are supported by the evidence, and as to him the conclusions of law are right.

Appellant Rooker separately moved for a new trial, sepa-

rately assigns error, and argues that his motion for a new trial should have been sustained because the finding is not sustained by sufficient evidence. Appellants were sued for damages resulting from the diversion of a water course and an injunction asked to prevent them from constructing or maintaining certain dams and excavations which would change the water from its natural course and throw it upon appellees' land. The acts complained of result in a nuisance. The evidence and findings show that Rooker owned the land and that appellant Maxwell is his tenant and is and was in possession of the land at the time of the acts mentioned. These acts were done by him after he became the tenant in possession of the land. There is nothing showing the nature of this tenancy; whether the landlord was to keep the premises in repair, and, therefore, the acts done by the tenant were done by him acting as the landlord's servant. There is no evidence in the record that appellant Rooker had anything whatever to do with constructing or maintaining the dams or excavations. It is not shown that these acts or any of them were done at the instigation or with the knowledge or consent of Rooker. So far as the record shows his first knowledge of the controversy here in question was when he was summoned as a defendant in this action. Aside from the fact that he owns the land there is nothing connecting him with the matter. See *Jansen* v. *Varmun,* 89 Ill. 100.

In *Haggart* v. *Stehlin,* 137 Ind. 43, 22 L. R. A. 577, the owner of the property had rented it to the tenant to be used for the purpose of which complaint was made, received certain rent for that purpose which was more than the property would rent for for any other use. The general principle of law is declared in that case that the landlord is liable when he rents his premises for the purpose of the establishment thereon of a nuisance.

In *Irvine* v. *Wood,* 51 N. Y. 224, 10 Am. Rep. 603, cited by counsel for appellees, "The landlord rented the nuisance and took rent for it. The tenants used it and paid rent,

and hence they must all be considered as continuing and responsible for the nuisance."

In the case at bar the relief that could be granted was the relief to which the parties were entitled when they brought their action. The record fails to show that appellant Rooker was at fault at that time. The one fact that he is the owner of the land is not sufficient to support a judgment and decree against him. The nuisance was created by the tenant after the beginning of the tenancy, and it is not shown that Rooker had anything to do with its creation or maintenance or that he in fact knew of its existence until suit was brought. 1 Thompson on Neg. 1154 et seq.; 2 Shearm. & Redf. on Neg. (5th ed.), §708; Wharton on Neg. (2nd ed.), §817; *Union Brass Co.* v. *Lindsay,* 10 Ill. App. 583; *Shindelbeck* v. *Moon,* 32 Ohio St. 264, 30 Am. Rep. 584; Wood's Landl. and Ten. (2nd ed.), §381; *Deller* v. *Hofferberth,* 127 Ind. 414.

The judgment as to appellant Maxwell is affirmed. As to appellant Rooker, the judgment is reversed, with instructions to sustain his motion for a new trial.