### WILLIAM AND JOHN SCHIER v. CANE BELT RAILWAY COMPANY.

#### Decided February 16, 1907.

**Railroad—Adjacent Property—Liability.**

If private property is in fact damaged or depreciated in value by the construction of a railroad along a street near the same, the fact that the roadbed and track were constructed with the highest degree of skill and care, and that its engines and trains were carefully and skillfully operated, would be no defense.

Appeal from the District Court of Austin County. Tried below before Hon. L. W. Moore.

*A. Chesley* and *J. J. Walker,* for appellants.

No briefs for appellee.

REESE, ASSOCIATE JUSTICE.—William and John Schier, owners of certain lots in the town of Sealy, upon which they had erected their residences and other improvements, sued the Cane Belt Railway Company for damages to said property occasioned by the construction of the railway in and along the public street in front of their property. It was alleged that by reason of such construction the surface water from rains was not able to escape in its usual course and was thereby forced back upon and overflowed their lots. It was further alleged that their property was damaged by the noise of trains being operated along said street in such close proximity to their residences and by the smoke and cinders escaping from the engines.

Defendant answered by general denial and also set up that the tracks of the Missouri, Kansas & Texas Railway Company had been laid in and along said street for years and that its trains had been operated along the same, and that defendant's track and the operation of its trains did not add anything to the damage already done to plaintiffs' property thereby. It was also alleged that the work of constructing its roadbed and track had been done under the direction of competent engineers and the highest degree of skill and care had been exercised in the work for the purpose of avoiding injury to adjacent property, and that its engines and train were carefully and skillfully operated, using oil instead of coal thereby minimizing the danger to property.

Upon trial with a jury there was a verdict for defendant, and from the judgment the plaintiffs appeal.

The first assignment of error is addressed to the action of the court in overruling appellants' demurrer to that portion of appellee's answer

in which there is set up as a defense to the action the fact that the road-bed and track of appellee were constructed with the highest degree of skill and care, under the direction of competent engineers, and that its engines and trains were carefully and skillfully handled. Appellants' demurrer rests upon the proposition that if their property was in fact damaged or depreciated in value by the causes set out in their petition the facts set out in the answer of appellee which were objected to, presented no defense.

The demurrer was overruled by the court, and appellants preserved a bill of exceptions to the ruling. The court approved the bill with the qualification that as plaintiffs had alleged an insufficient culvert for draining off the surface water backed upon their premises these allegations of the answer became important. It is to be presumed from the statement of the court that it was supposed that plaintiffs had charged defendant with want of care, or unskilfullness, in the construction of the road, which rendered the allegations of the answer objected to admissible. In this the court was in error. The allegations of the petition contain no suggestion of want of skill or care in the construction of the roadbed or track or in the operation of the trains. The matter alleged was no defense to the petition and the demurrer should have been sustained. The error, perhaps, would not have been harmful in itself, but it was followed up by the admission of considerable evidence, all admitted over the objection of appellants and the point saved by proper bills of exceptions, in proof of the objectionable allegations. In addition to this the court charged the jury at the request of defendant that if they believed that plaintiffs' property was injured by the negligence of defendant in the construction of its roadbed, but that if they further found that prior to the occupancy of the street by defendant plaintiffs' property was subject to overflow, and defendant had not increased the overflow, plaintiffs could only recover for damage caused by the negligence of defendant. The giving of this charge is also presented as error.

The action of the court in overruling appellants' demurrer, in admitting the evidence as to the care and skill in constructing the roadbed, and in giving the instruction referred to were all calculated most forcibly to produce in the minds of the jury the impression that the appellee was only liable in case it has been negligent in the construction of its roadbed, and that the exercise of care and skill by it in this matter was a defense to the action.

Appellants would be entitled to recover damages for the depreciation in value of their property arising either from the overflow of their lots caused by the roadbed and track of appellee or by the operation of appellee's trains along the street. (Crossman v. Houston, O. L. & M. P. Ry. Co., 92 S. W. Rep., 836; St. Louis, S. F. & F. Ry. Co. v. Shaw, 92 S. W. Rep., 30.)

Other errors assigned will not probably occur upon another trial and need not be discussed.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*