## SOUTHERN RAILWAY COMPANY ET AL. *v.* WEIDENBRENNER.

[No. 8,302. Filed October 29, 1915. Rehearing denied February 1, 1916. Transfer denied March 17, 1916.]

1. APPEAL. — *Review.* — *Refusal of Instructions.* — Although a requested instruction stated the law correctly, its refusal was not reversible error in view of another instruction given which fully covered the subject. pp. 318, 321.

2. WATERS AND WATERCOURSES.—*Obstruction.*—*Flooding Lands.*— *Liability of Railroad.*—A railroad company is under a continuing duty to maintain its bridges and abutments so as to do no injury or damage to neighboring property, and a failure in that regard resulting in the obstruction of the natural flow of the water con-constitutes actionable negligence. p. 318.

3. EVIDENCE.—*Presumption.*—*Repair of Bridge.*—There is no legal presumption that a railroad bridge was skilfully and carefully repaired, and that the company did nothing unlawful; but such questions are matters of proof. p. 319.

4. APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.*— The refusal of an instruction giving a substantially correct definition of a watercourse was harmless, where there was no dispute about the stream involved being a watercourse. p. 319.

5. APPEAL.—*Review.*—*Contradictory Instructions.*—*Damages.*—*Elements.*—A requested instruction that if the rainfall of itself produced the injuries complained of the verdict should be for defendants, even though the alleged obstructions in the stream existed and caused the water to back up over plaintiff's lands deeper and caused it to remain longer than it would have without the existence of such obstructions, was contradictory within itself and properly refused,

since the damage could not have been wholly produced by rainfall if other causes caused the water to remain longer on plaintiff's land, and the damage would be increased by lengthening the time the water stood on the land. p. 320.

6. WATERS AND WATERCOURSES.—*Obstruction.*—*Flooding Lands.*— *Liability.*—*Unusual Conditions.*—A railroad company is not relieved from liability for negligently maintaining a bridge so as to obstruct the flow of water and cause it to back up over nearby lands, on the ground that there was an unusual rainfall, since under §5195 Burns 1914, §3903 R. S. 1881, it is the duty of the company, after building its bridge across a stream, to restore the watercourse to its former state. p. 321.

7. APPEAL.—*Review.*—*Instructions.*—*Submitting Interrogatories to Jury.*—An instruction advising the jury that interrogatories would be submitted and that the jury might first determine its general verdict, or, if preferable, it could answer the interrogatories first, or that it could consider the verdict and interrogatories at the same time, etc., was harmless in view of the record, although under §562 Burns 1914, §536 R. S. 1881, there is no necessity for answering interrogatories where no general verdict is reached. p. 321.

8. TRIAL.—*Interrogatories to Jury.*—The practice of submitting a large number of interrogatories to the jury, containing many inconsequential questions calculated to have no other effect than to confuse and mystify the jury, should not be permitted. p. 323.

9. WATERS AND WATERCOURSES.—*Obstruction.*—*Railroad Bridges.*— Railroad companies are guilty of actionable negligence if they construct and maintain their bridges or embankments or trestles in such manner as to obstruct a watercourse, and are also liable if they obstruct a waterway with stones, piling or debris of any kind, or if they negligently permit drift to accumulate about their bridges or piling to the injury of adjoining property. p. 323.

10. WATERS AND WATERCOURSES.—*Railroad Bridges.*—*Construction.*—In the construction of a bridge across a stream, it is the duty of a railroad company to exercise at least a reasonable degree of care and prudence, taking into consideration the laws of hydraulics, the natural formation of the country, the character of the stream and its history, so as to guard against injuries which may reasonably be anticipated. p. 324.

11. NEGLIGENCE.—*Pleading.*—*Proof.*—If several acts are charged as combining to bring about an injury, all of such acts must be proven in order to sustain a recovery. p. 324.

From Dubois Circuit Court; *Lucius C. Embree,* Special Judge.

Action by Joseph Weidenbrenner against the Southern Railway Company and another. From a

judgment for plaintiff, the defendants appeal. *Affirmed.*

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman, Richard M. Milburn,* and *Thomas Duncan,* for appellants.

*Horace M. Kean, Harry W. Carpenter* and *Robert W. Armstrong,* for appellee.

SHEA, C. J.—This action was brought by appellee against appellants to recover damages to growing crops and real estate, occasioned by an overflow of his lands alleged to have been caused by certain obstructions in the Patoka River which were either placed therein or permitted to accumulate by the acts of appellants. A trial of the issues formed by an answer in general denial to appellee's complaint resulted in a verdict and judgment for appellee for $700. It is assigned and argued by appellants that the court erred in overruling their motions for judgment on the facts found in answer to interrogatories notwithstanding the general verdict, and for a new trial.

Appellee in his complaint charges, in substance, that in July, 1909, he was the owner of 82 acres of land in Dubois County, Indiana, upon which he had been growing a crop of corn of the value of $2,000; that adjacent to the land there was a public ditch which flowed in a southerly direction, and discharged its water into Patoka River; that Patoka River is a stream which at times overflows its banks in rainy seasons, and at such times requires a much wider waterway than at other seasons of the year, and at the same time and prior thereto, appellant Southern Railway Company of Indiana, a corporation organized under the laws of this State was the owner, and appellant Southern Railway Company, a corporation organized under the laws

of Virginia, was the lessee, of a line of railway extending through Pike and Dubois counties in the State of Indiana, which the last-named appellant operated and maintained; that in the line of railway there was a bridge across the Patoka River known as bridge 112, which was 118 feet long; that said bridge was so negligently constructed and maintained that it was shorter than the width of the river; that it constricted the channel and obstructed the flow of the waters, and beneath same, in the channel of the river, there were pilings which stood 6 feet above the river bed and caught and held drift and debris which obstructed the passage of such waters; that appellant Southern Railway Company, with the knowledge and consent of its coappellant had filled with earth certain openings in its roadbed, known as trestles 109, 110 and 111 which had spanned waterways, and whereby, in time of overflow, the waters of the river had theretofore flowed therefrom, and had obstructed the river by casting large quantities of stone and earth therein, maintaining its roadbed; that upon a switch of its railroad known as the Hartwell switch, appellant, Southern Railway Company, with the knowledge and consent of its coappellant, had repaired a bridge over the river by driving pilings within the stream in such negligent manner as to cause large quantities of drift and debris to accumulate and obstruct the stream, and the flow of the waters thereof, and appellee charges that, by reason of these acts, the waters of the Patoka River, when they overflowed its banks in July, 1909, were caused to back up in said ditch and overflow his lands and destroy the crop of corn thereon.

Under the motion for a new trial, it is urged that the court erred in giving and refusing to give certain instructions. In order that a discussion of the

errors assigned thereon will not reach undue length, we have grouped the instructions which seem to be based on the same theory, and we state our conclusions with respect to them in such form.

Instruction No. 10 tendered by appellants and refused by the court states the law correctly, but is covered by the court's instruction No. 2, so that no error can be predicated upon the refusal to give said instruction. It is argued that the court erred in refusing to give instructions Nos. 2, 20 and 32 tendered by appellants. These instructions are based on the theory that appellants had a right to build their railroad grades and bridges in such manner as suited their convenience, provided it was done lawfully and prudently. These instructions, we insist do not fully state the law. They minimize the fact that the duty to maintain the bridges and structures so as to do no injury or damage to neighboring property is a continuing one, and must be lawfully and prudently discharged. If there was a failure in this regard, appellants would be guilty of actionable negligence. If the piers and abutments were so constructed as to cause drift to accumulate, or if broken stone, sand and other debris were thrown into said stream, obstructing the natural flow of the water, all of which caused injury and damage to appellee, appellants would be liable and must respond in damages, if any be proved. The case was tried upon this theory, and as we think, rightly so. Therefore no error was committed in refusing to give these instructions. The law is correctly stated in instruction No. 1 tendered by appellants and given by the court. *Baltimore, etc., R. Co.* v. *Quillen* (1904), 34 Ind. App. 330, 72 N. E. 661, 107 Am. St. 183; *Maxwell* v. *Shirts* (1901), 27 Ind. App. 529, 61 N. E. 754, 87 Am. St. 268; *American Plate Glass Co.* v.

*Nicoson* (1905), 34 Ind. App. 643, 73 N. E. 625; *Cleveland, etc., R. Co.* v. *Kline* (1902), 29 Ind. App. 390, 63 N. E. 483. In some jurisdictions the courts have gone much further, and hold that, if private property is in fact damaged or depreciated in value by the construction of a railroad near the same, the fact that the railroad and track were constructed with the highest degree of skill and care, and that its engines and trains were carefully and skilfully operated, would be no defense. *Schier* v. *Cane Belt R. Co.* (1907), 45 Tex. Civ. App. 295, 100 S. W. 360.

Instruction No. 5 tendered by appellants and refused by the court contains, among other things, this language: "The legal presumption is that the bridge was skilfully and carefully repaired, and that the defendants did nothing unlawful." Appellants cite no authority, and after diligent search we are unable to find any to sustain this novel proposition. We are not convinced that engineers, carpenters and bridge workers are possessed of such a degree of infallibility as to create any presumption with respect to their work. In the judgment of this court this is a matter of proof. This instruction was therefore rightly refused.

Instruction No. 18 tendered by appellants and refused reads as follows: "The plaintiff charges that the defendants caused the obstruction of certain watercourses that crossed the bed of the railroad track within about a mile east of bridge No. 112. A watercourse in its legal sense consists of a bed, banks and water, a living stream confined to a channel. A watercourse need not be shown to flow continuously. Its channel may sometimes be dry; but there must always be substantial indications of a stream which is ordinarily and most frequently a moving body of water. A

channel made by mere surface water resulting from rain and snow is not a watercourse, unless there is ordinarily and most frequently a moving body of water flowing through it." This statement of the law is substantially correct, but inasmuch as there was no dispute about the river being a watercourse, the refusal to give such instruction was harmless.

Instruction No. 34 tendered by appellants and refused by the court reads as follows: "If you find from the evidence that the rainfall that fell in July, 1909, did of itself produce the injuries complained of in this action your verdict should be for the defendants, even though you find from the evidence that any or all of the obstructions mentioned in the complaint then existed and that such obstructions caused the water of Patoka River to back up over the plaintiff's said lands deeper than it would have been without such obstructions in said river, and caused said back water to remain on said lands a longer time than it would have remained without the existence of such obstruction or obstructions." This instruction is contradictory within itself. In the first instance, it states that "If you find from the evidence that the rainfall that fell in July, 1909, did of itself produce the injuries complained of in this action your verdict should be for the defendants." The latter part of the instruction states, "even though you find from the evidence that any or all of the obstructions mentioned in the complaint then existed and that such obstructions caused the water of Patoka River to back up over the plaintiff's lands deeper than it would have been without such obstructions in said river, and caused said back water to remain on said lands a longer time than it would have remained without the existence of such obstruction or obstruc-

tions." It is a matter of common knowledge that the longer overflowing water stands on growing crops, the greater the injury. Therefore, if the obstructions in the river caused the water to remain on appellee's land for a longer time than it would otherwise have remained, and thus caused additional injury, the rainfall could not have produced all of the damage complained of. The law upon this point is correctly stated in instruction No. 13 tendered by appellants and given by the court.

The theory that appellants could maintain obstructions in a watercourse which caused the water to "back up" over nearby lands, causing injury, and not be required to respond in damages is erroneous, even though there was an unusual rainfall. *Todd* v. *Badger* (1893), 134 Ind. 204, 33 N. E. 963; 3 Shearman & Redfield, Negligence (6th ed.) §733, note 39; *Alabama Lumber Co.* v. *Keel* (1899), 125 Ala. 603, 28 South. 204, 82 Am. St. 265. After building the road across the stream, it was the duty of appellants to restore such watercourse to its former state. §5195 Burns 1908, §3903 R. S. 1881. Instruction No. 25 tendered by appellants and given by the court is a correct statement of the law upon this point. No error was committed in refusing to give instruction No. 26, as the principle therein involved is fully covered in other instructions given by the court.

Instruction No. 6 given by the court on its own motion presents a more serious question. It reads as follows: "Interrogatories will be submitted to you, and you are directed to answer each one of them, when you return a general verdict. When you go to the jury room and enter upon the consideration of this case, there is no rule

of law that limits you to any special order of proceeding. You may first take up and determine the question as to what shall be your general verdict or if you prefer, you may first take up and answer the interrogatories. If you choose, you are at liberty to consider the verdict and interrogatories at the same time. In answering the interrogatories, you should be governed solely by the evidence and each answer should be the truth as you find the truth to be from the evidence. The answers must be written underneath the respective questions and each answer must be signed by your foreman." The statute which authorizes the submission of interrogatories to a jury reads as follows: "That in all actions hereafter tried by a jury, the jury shall render a general verdict, but in all cases when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause, and this shall be the only form of verdict submitted to or rendered by the jury in the cause. * * * These interrogatories are to be recorded with the verdict." §562 Burns 1914, §536 R. S. 1881. If no general verdict is reached, there is no necessity for answering the interrogatories submitted. In view of some expressions by the Supreme Court in the late case of *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 104 N. E. 69, a majority of this court is constrained to hold this instruction harmless. The writer of this opinion believes this instruction was both erroneous and harmful. We are of the opinion however, that the manner of submission of interrogatories to the jury should be clearly and definitely defined so that the practice in the trial courts shall be uniform. This court is obliged to follow the decisions of the

Supreme Court. See *Summers* v. *Tarney* (1890), 123 Ind. 560, 564, 575, 24 N. E. 678. In 8. this case 175 interrogatories were submitted to the jury. This court condemns this practice. Innumerable inconsequential questions are submitted which could have no other effect than to confuse and mystify the jury, and should not have been permitted by the trial court. However, we do not feel that this cause should be reversed for this reason. §§350, 407, 700 Burns 1914, §§345, 398, 658 R. S. 1881.

We shall state the law as we believe it to be in a general way, as applicable to the numerous other errors discussed, as a discussion of each question 9. tion presented in appellants' able brief would necessitate much repetition and unnecessarily lengthen this opinion. Railroad companies have no authority to construct and maintain their bridges or embankments or trestles or any other structure along their right of way in such manner as to obstruct a watercourse, and if they are guilty of any negligence in so doing, by which another is injured, they are liable, if the injured party is guilty of no negligence, however prudently they may be constructed from their viewpoint. Railroads become wrongdoers when they obstruct a waterway with stones, piling or debris of any kind, also if drift is negligently permitted to accumulate about their bridges or piling to the injury of adjoining property. They must so use their property as to in no manner cause injury and damage to neighboring property, and, if injury and damage results from the obstruction of a watercourse by any structure, the wrongdoer must respond in damages to the injured party. It was the duty of appellants to remove the accumulated drift in the stream. 3 Shearman & Redfield, Negligence (6th ed.) §735 and cases cited; *Southern*

*R. Co.* v. *Friedley* (1913), 52 Ind. App. 192, 100 N. E. 481; *Graham* v. *Chicago, etc., R. Co.* (1906), 39 Ind. App. 294, 77 N. E. 57, 1055; 40 Cyc 573; §5195 Burns 1908, *supra; Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind. 208, 67 N. E. 993.

In constructing embankments, bridges, culverts and other necessary works or structures beside or across a stream, it is the duty of the railroad company, while employing engineers of at least ordinary competence and skill, to exercise at least a reasonable degree of care and prudence, taking into account the laws of hydraulics, the natural formation of the country, the character of the stream and its history to the extent of learning its probable behavior under any conditions which experience has shown are likely to occur, so as to guard against injuries which may reasonably be anticipated in the usual state of the stream, and also in unusual floods and freshets of a kind which may be fairly expected. The jury was fully instructed upon this principle.

If several acts are charged as combining to bring about the injury, then and in that case all of said acts must be proven in order to sustain a verdict and judgment. *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 40 N. E. 62; *Merica* v. *Fort Wayne, etc., Traction Co.* (1912), 49 Ind. App. 288, 97 N. E. 192. Appellants earnestly insist that the complaint charges a combination of acts concurrently caused the injuries complained of; that there was a failure of proof of them, therefore there can be no recovery in this case. We do not think the complaint can be fairly so construed.

A careful examination of the instructions given by the court discloses that the jury was fully instructed upon all the vital issues involved, and no com-

plaint can be made of the instructions except as herein pointed out. Judgment affirmed.

Note.—Reported in 109 N. E. 926. As to one's right to accelerate or diminish, by means of dams or bridges, flow of water from one's own land to that of another, see 85 Am. St. 708. As to liability of railroad company for obstruction of waters of stream by construction of railroad bridge, see 59 L. R. A. 863. As to liability of a railroad company for interference with watercourses by construction of road on land acquired for right of way, see 19 Ann. Cas. 336. See, also, under (1) 38 Cyc 1711; (2) 33 Cyc 357; 40 Cyc 573, 574; (3) 16 Cyc 1051; (4) 4 C. J. 1048; (5) 38 Cyc 1604; (6) 33 Cyc 357; (8) 38 Cyc 1910; (9) 33 Cyc 357; 40 Cyc 573; (10) 33 Cyc 357; 40 Cyc 574; (11) 29 Cyc 587.