## NASHVILLE *v*. COMAR.

## (*Nashville.* January 26, 1890.)

1. MEASURE OF DAMAGES. *For negligent injury to realty.*

For negligent injury to realty, resulting from a cause susceptible of remedy or removal, the owner is entitled to recover of the person whose negligence caused the injury, only such damages as had actually accrued on account of the impaired use of the property at the commencement of the suit; and for continuance or recurrence of injury from same cause he must seek relief by successive actions. But for injury resulting from a permanent and irremediable cause, the owner may recover, in a single action, his entire damages, to wit: That amount which represents the permanent depreciation of the realty in value in consequence of the injury.

Cases cited and approved: Harmon *v*. Railroad, 87 Tenn., 614; 101 N. Y., 98; 26 W. Va., 787; 37 N. Y., 472; 17 Ohio, 489; 26 Hun., 120; 79 Penn. St., 71 (S. C., 21 Am. Rep., 42).

Cited and disapproved: 3 Foster (N. H.), 82; 103 Ind., —; 112 Mass., —.

2. SAME. *Same. When cause of injury is remediable.*

When the cause of injury is abatable, either by the expenditure of labor or money, it will not be held permanent and irremediable, as that would result in the licensing of a wrong, and enable the wrong-doer to appropriate the property of another to his private use.

3. CASE IN JUDGMENT.

Owner of lot sued city, averring unskillful construction of a public sewer, whereby storm and sewage water were forced out upon his lot through his private tributary sewer. The defect in the public sewer was remediable by expenditure of money and labor. The Court

admitted evidence and charged the jury upon the theory that plaintiff was entitled to recover for the permanent impairment of the value of the lot.

*Held:* This was error.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

J. M. ANDERSON for Nashville.

MARKS & MARKS and STEGER & WASHINGTON for Comar and wife.

LURTON, J. This is an action at law by defendants in error to recover of plaintiff in error damages resulting from an alleged negligent construction of a sewer, whereby both storm and sewage water, in times of unusual freshet, have been discharged from the sewer upon the premises owned by them. The market value of the freehold is charged to have been depreciated, and damages are sought both for injury and destruction of household furniture, as well as for permanent impairment of value of the realty. Comar and wife recovered judgment in the Circuit Court, from which the city of Nashville appealed.

There was evidence admitted on the trial going to show value of the premises before and after the

alleged wrongs. The trial Judge charged the jury that if they found from the evidence "that the market value of the plaintiffs' property has been permanently impaired by the construction of this sewer, its proximity and liability to back up surface water and discharge offensive sewage matter upon his premises, he would be entitled to recover difference in market value of the property before and since the building of the sewer."

This is assigned as error.

The sewer complained of was erected by the city, and is upon the public street upon which the property of Comar abuts. A private tributary sewer, erected and maintained by Comar, crosses his property and passes under his house and enters the public sewer. The supposed defect in the public sewer seems to be that in times of unusual rains it has not capacity sufficient to carry off the storm water flowing into it, and upon several occasions the pressure of the accumulated sewage and storm water has been so great as to result in backing the water into the smaller and tributary sewer of Comar, whereby his premises have been flooded.

Assuming that defendants in error were entitled to recover damages, the question is, What damages? Were they limited to such actual damages as they had sustained up to the time of the bringing of their suit, or may they recover, not only past, but prospective damages? If the latter, then the charge of His Honor is correct; but if

27—4 p

limited to damages already sustained, then the charge is erroneous.

The learned counsel for Comar and wife defend the measure of damages stated to the jury by the Circuit Judge upon the suggestion that "the sewer was a permanent improvement, and whatever damage it occasioned is of a permanent character," and that for this reason plaintiffs cannot bring successive actions, but must recover their damages once for all. The recovery of prospective damages can only be justified upon the assumption that the premises of Comar will, for all time to come, be subjected to the same disgusting invasions of sewage as have heretofore occurred. Damages assessed upon this basis, as is frankly conceded by counsel, would operate as a perpetual license to the city to continue the wrongs of which it has been convicted. This we held to be the consequence of a recovery upon a similar charge in a case of an action for a nuisance where the judgment was submitted to by the defendant. *Harmon* v. *Railroad*, 87 Tenn., 614. See to same effect 3 Sutherland on Damages, 413, 414.

Is it just or right to assume that the wrong of which Comar complains proceeded from a cause permanent in its character? That the sewer is a permanent improvement, and cost a great deal of money, will not, as we shall undertake to show, be a conclusive factor in the settlement of the question. It was lawfully constructed by the city, upon a public street. It was not erected with

any purpose to discharge its sewage upon the premises of Comar, but rather to carry off his drainage, as well as that of others in the same territory. The complaint is not that the city has been guilty of any misconduct in erecting a sewer where this has been constructed, but that its servants have so unskillfully built it that upon the occurrence of certain unusual conditions it discharges its contents upon the premises of defendant in error. Now, upon what authority is it to be assumed that the negligence or unskillfulness of the servants of the city in the construction of this sewer will not be remedied? The argument is advanced that, inasmuch as it will require the expenditure of human labor to remedy the defects in this sewer, that therefore the damages are to be treated as permanent and original, and recoverable in one action. This test is supported by the opinion of Judge Bell, who delivered the opinion of the Court in the case of *Troy* v. *Cheshire Railroad Company*, 3 Foster (N. H.), 82.

In that case it appears that the railway company had built its roadway in and upon a public highway in such manner as to obstruct and destroy its value as a street. The town was held entitled to recover as for a permanent occupation of the street, and damages were assessed accordingly. Now, if the railway was *lawfully* upon the street, then the damages recoverable were properly recovered in one suit. *Harmon* v. *Railroad, supra.* But if it was unlawfully there, then it was a

*trespasser* and an abatable nuisance, and successive actions would lie so long as it continued thereon, the recovery in each action being limited to damages already accrued and subsequent to the last recovery. Whether there rightfully or as a trespasser does not appear from the report of the case before us, but the inference is that it was not a trespasser, for otherwise there would have been no occasion for propounding the rule by which the permanent character of an injury is to be determined. This rule, as announced by Judge Bell, was that "wherever the nuisance is of such a character that its continuance is necessarily an injury, and when it is of a permanent character that *will continue without change from any cause but human labor*, then the damage is an original damage, and may be at once fully compensated." This seems to us an artificial and arbitrary test. There are supposable nuisances, which, by the effect of time, might at last abate themselves, but by far the greater number of trespasses, wrongs, and nuisances would continue indefinitely without the expenditure of human labor to remove or abate them. It is a rule which does not recommend itself by either its reasonableness, its certainty of application, or its justice. It seems, however, to have commended itself to the Supreme Court of Iowa, who adopted it as a light sufficient to guide their decision.

One of the most signal illustrations of the unfortunate results flowing from a departure from

the general rule, which allows successive actions so long as a wrong in the nature of nuisance is continued, is found in this Iowa case. The facts of that case were that the plaintiff's lots were washed and cut by a ditch dug by the city, into which a natural water-course was turned. After the cutting and removal of the soil had gone on for several years, the plaintiff sued for damages, alleging the negligent cutting of the ditch. It was held that his entire damages had accrued when the diverted stream first began to injure him, and that, not having then sued, he was barred by the statute of limitations. The Judge who delivered the opinion, after quoting the principle above cited from *Troy* v. *Cheshire Railroad Company*, said: "If we apply the principle above stated to the case at bar, we must hold that the damages were original. The plaintiff's ground of complaint is that the ditch' was improperly constructed. As constructed it resulted in the excavation of the plaintiff's lots. The damages consisted, not in excavating the lots, but in doing an act which resulted in their excavation. The result, too, was a necessary one, the ditch remaining as constructed. The cause of the difficulty was a permanent one, in that it would not grow less *unless remedied by human labor.* The case, therefore, is strictly within the rule applied in the *Town of Troy* v. *Cheshire Railroad,* above cited."

Thus the application of the rule now contended for would require a plaintiff to foresee all the

possible results, and to convince a jury of what he, with prophetic ken, is required to foresee, on penalty of subsequently having to quietly endure consequences which he could not reasonably have conjectured as likely to result from what first seemed a trifling injury.

The cases of the *City of North Vernon* v. *Voegler*, 103 Ind., and *Towls* v. *New Haven Railroad*, 112 Mass., have been examined, and we find that they do, measurably, support the contention of defendant in error. None of these cases are satisfactory in their reasoning, and the decided weight of authority is opposed to them. They are all reviewed in the case of *Uline* v. *New York Central Railroad*, 101 N. Y., and an opposite conclusion reached. In reviewing the case of *North Vernon* v. *Voegler*, a case more analogous to the one under consideration than any other to which we have here referred, Earl, J., said: "What right was there to assume that the street would be permanently left in a negligent condition, and then hold that the plaintiff could recover damages upon the theory that the carelessness would forever continue? A municipal corporation or a railroad company, under proper authority, may erect an embankment in a street, and if the work be carefully and skillfully done, it cannot be made liable for the consequential damages to adjacent property. But if it be carelessly or unskillfully done it can be made liable. It may cease to be careless, or remedy the effects of its carelessness, and it may

apply the requisite skill to the embankment; and
this it may do after its carelessness and unskill-
fulness and the consequent damages have been
established by a recovery in an action.   The mo-
ment an action is commenced shall the defendant
be precluded from remedying its wrong?   Shall it
be so precluded after a recovery against it?   Does
it establish the right to continue to be a wrong-
doer forever by the payment of the recovery
against it?   Shall it have no benefit by discon-
tinuing the wrong, and shall it not be left the
option to discontinue it?"   101 N. Y.

This assumption that a wrong-doer is to be
presumed, from the mere character of the work, to
intend to continue in his wrong, and that he will
not remedy his defective or unskillful work, is
repudiated in the majority of the American cases.
In *Hargrave* v. *Kimberly*, 26 W. Va., 787, the
action was for diverting the course of a stream so
as to throw surface water upon the lands of
plaintiff.   The damages were limited to such as
had been already sustained, the Court saying
"that in all those cases where the cause of the
injury is in its nature permanent, and a recovery
for such injury would confer a license on the
defendant to continue the cause, the entire damage
must be recovered in a single action; but when
the cause of the injury is in the nature of a
nuisance, and not permanent in its character, but
of such a character that it may be assumed that
the defendant would remove it rather than suffer

at once the entire damage which it would inflict if permanent, then the entire damage cannot be recovered in a single action, but successive actions may be maintained as the cause of the injury continues."

In the case of *Plate* v. *New York Central Railroad* the plaintiff had in a former action recovered damages of defendant for injuries sustained by the flooding of his lands, resulting from the negligent construction of its embankment and ditches, causing water to flow back upon his lands. The same cause continuing, and other damage accruing, a second action was brought. It was held that the former judgment only established the right of plaintiff to recover damages subsequently sustained from the same cause." 37 N. Y., 472.

In *Thayer* v. *Brooks,* 17 Ohio, 489, the action was for damage for diverting water from the mill of the plaintiff by means of a canal cut by defendant. The jury were charged that they might render judgment for such damages as plaintiff had sustained by the mill site having been diminished in value in consequence of the diversion of the water. The case was reversed, the Supreme Court saying: "This was going too far. He was liable only for such damages as he had actually sustained up to the bringing of the suit."

In *Duryea* v. *Mayor, etc.,* the action was for wrongfully discharging water and sewage upon the premises of the plaintiff. Recovery was limited to damages actually sustained. 26 Hun., 120.

In *Boss* v. *Hoffman* the action was for divert-
ing water from plaintiff's tannery by means of a
pipe laid on the defendant's land. The jury were
charged that they might recover the permanent
damages to the freehold. The Supreme Court said:
"A severance of the connection of the pipe with
the stream would remove the whole cause of the
complaint. * * * The act he committed was
not of such a permanent character as to assume
it to continue through all coming time, and to
justify the assessment of damages accordingly. The
general rule is that successive actions may be
brought as long as the obstruction is maintained.
A recovery in the first action establishes the
plaintiff's right. Subsequent actions are to recover
damages for a continuance of the wrong." 79
Penn. St., 71 (S. C., 21 Am. Rep., 42).

Cases might be indefinitely multiplied in line
with those cited. The cases presented by defend-
ant in error are reviewed by Mr. Sutherland, who
says, as to the effect of a recovery based upon
the assumption of the permanent character of the
wrong, "that such recovery will have the effect
to give the defendant a permanent right to do
the acts which constitute the nuisance as fully as
though there had been a condemnation of the
property by the exercise of the power of eminent
domain. But the option to recover permanent
damages in a common law action, with this effect,
is not generally admitted in this country, and is

wholly unknown in England." 3 Sutherland on Damages, 413, 414.

The weight of authority and the weight of reason alike condemn, as contrary to a true public policy, any rule by which a wrong-doer may thus procure a license to continue his misconduct. Such a rule would in many instances operate as a method by which private property would be condemned to private uses against the will of the owner.

It seems to us that the true rule deducible from the authorities is that the law will not presume the continuance of a wrong, nor allow a license to continue a wrong, when the cause of the injury is of such a nature as to be abatable, either by the expenditure of labor or money. And that where the cause of the injury is one not presumed to continue, that the damages recoverable from the wrong-doer are only such as have accrued before action brought, and that successive actions may be brought for the subsequent continuance of the wrong or nuisance.

It follows that it was error to admit proof as to the effect of the overflowing sewer upon the market value of Comar's property, and error to charge the jury that they could assess the damages upon any assumption that the wrong of the city would be perpetuated.

Reverse and remand for new trial.