KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD
COMPANY *v.* KING.

Opinion delivered November 28, 1896.

PARTIES—INJURY TO TENANT'S POSSESSION.—The owner of land cannot maintain an action against a railroad company for damages for building a temporary fence cutting off access from such land to a spring on its adjoining right of way used for domestic purposes and for watering stock, where such land is in possession of a tenant.

Appeal from Sharp Circuit Court.

JOHN B. McCALEB, Judge.

STATEMENT BY THE COURT.

The appellant had obtained, by conveyance to it, a right of way over the land of appellee. It fenced the right of way, enclosing a spring upon the appellee's land, which had been used by the appellee's tenants for general domestic purposes and for stock water. The fence cut off access to the spring by the way by which it had usually been reached from the dwelling house, barn and lots of the appellee. The appellant refused to open the way to said spring, and the tenants of appellee were compelled to go a circuitous route and a greater distance to reach the spring. The appellee recovered judgment for damages against appellant, from which it appealed to this court.

*Wallace Pratt*, and *Olden & Orr* for appellant.

Under the agreed statement of facts, the obstruction is a temporary one. The law will not presume a permanent injury. No injury to the reversion or permanent injury is averred or proved. The court erred in its measure of damages. 1 Sutherland, Damages, 199; Sedgwick, Lead. Cases on Damages, 655; 18 C.;

B. 658; 65 Maine, 140; 17 Ohio, 489. When damage is the gravamen of the action, only such as have actually accrued before action brought can be recovered. 3 Blackst. Com. 220; 42 N. Y. 313; 57 Ga. 378. Plaintiff's testimony as to how much he considered himself damaged was incompetent. It was a mere opinion, without any statement of facts upon which it was based. 1 Wharton, Ev. sec. 510; 2 Best, Ev. sec. 511; 24 Ark. 251; 29 *id.* 459. See 47 Ark. 335. It is expressly agreed that the farm has been in the possession of a tenant since plaintiff purchased it. The tenant alone could sue for damages to his possessory right, and no damage to the reversion or fee is shown. 1 Addison, Torts (Wood's Ed.), sec. 108; 35 Ark. 362; 45 *id.* 254; Wood's Mayne on Damages, p. 397.

*D. L. King, pro se,* and *Sam H. Davidson* attorneys for appellee.

As to measure of damages, see 2 Sedgwick, Damages (7 Ed.), pp. 638, 639. The obstruction of a right of way under circumstances of injury to the reversion is an injury to the tenant as well as to the owner. Cooley, Torts, p. 826; 3 Kent, Com., title, "Right of Way." The obstruction is necessarily an injury to the reversion, as it affects the rental value of the premises. It also possesses the element of *permanence.* See 45 Ark. 253; 23 N. H. 83. There is no question as to excessive damages, as appellant did not claim that the damages were excessive. 47 Ark. 343; 45 *id.* 256.

HUGHES, J., (after stating the facts.) It appears from the testimony in this case that the land of the appellee, upon which the appellant has a right of way, and upon which the spring is situated, was, at the time this suit was brought and the cause was tried, in the possession of a tenant of the appellee, and had been in the possession of such tenant since the building by the

appellant of the fence enclosing the right of way and the spring thereon situate.

It does not appear that there was any evidence that any damage had been done to the reversion, and, if there was any damage, it must have been to the right and interest which the tenant had in the possession of the land by virtue of his tenancy, and it follows therefore that there was no right of action in the plaintiff; that the right of action, if there was any, was in the tenant, who, as. we understand, was in possession when the wrong was done of which the appellee complains, and held continuous possession until after the institution of this suit.

It appears that the structure complained of was a fence, which, according to the adjudged cases, as we understand them, being temporary and not permanent in its character, gave to the party who might be entitled to sue for any damage consequent upon its erection a right to. sue for such damages only as had accrued before the institution of the suit, and a right to bring successive actions for damages consequent upon the continuance of the structure thereafter, if the same was wrongful.    It is not to be presumed that the railroad company would persist in the wrongful continuance of the fence, or that the party who might be entitled to damages for such wrong could foresee all the damages that might occur from a wrong which might occur in the future and which might never occur. *Uline* v. *N. Y. C. & H. R. R. Co.*, 101 N. Y. 98; *Nashville* v. *Comar*, 88 Tenn. 415.

For the want of evidence showing any damage to the appellee, the judgment is reversed, and the cause is dismissed, without prejudice.