## THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. KLINE.

[No. 3,513. Filed April 1, 1902. Rehearing denied June 20, 1902.]

WATERS AND WATERCOURSES.— *Obstruction.— Damages.*—Where in an action for damages for the obstruction of a watercourse the complaint charged that a watercourse through plaintiff's land was originally crossed by defendant's railroad tracks upon a trestle about fifty feet long and twelve feet high, and that defendant filled the same with earth, timbers, and stone, placing a sewer-pipe therein which was too small to carry off the water "at wet or rainy seasons of the year, and in times of high water," the cause of action was not complete upon the construction of the embankment, and only damages that had actually accrued by reason of the acts charged are recoverable.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by Florence M. Kline against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company for damages for the obstruction of a watercourse. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John T. Dye, P. S. Kennedy* and *S. C. Kennedy*, for appellant.

*W. T. Whittington, Walter Whittington* and *I. C. Dwiggins*, for appellee.

ROBINSON, P. J.—Action for damages for obstructing a watercourse. Appellee's complaint avers that she owns in fee sixty-five acres of land adjoining appellant's right. of way; that a watercourse flows through this land and was originally crossed by appellant's track upon a trestle fifty to sixty feet long and about twelve feet high; that appellant "completely and fully filled in all the space between said trestle and bridge with earth, timbers, and stone, excepting an iron sewer-pipe sixty inches in diameter and thirty-six feet in length; that said fill and embankment now constitute a part of the grade and roadbed upon which the ties and track rest, and which said fill and embankment is about thirty-six feet in width at the bottom, and about fourteen feet in width at the top, and is so constructed and built of earth, stone, and timbers as to be a part of the permanent fill and roadbed, and a permanent embankment upon which rests the timbers, ties, and track, and which said fill and embankment is permanent and continuous, and has been maintained in said condition by said defendant since October, 1897, and is now a part of the permanent roadbed of said railroad, and is so recognized as a permanent and fixed improvement and embankment and structure, and as a part of the fixed and permanent grade and roadbed of the defendant by both the plaintiff and defendant." It is further averred that the bottom of the sewer-tile was placed about six inches above the original bed of the stream, and that it is too small to carry the water that flows in the stream "at wet or rainy seasons of the year, and in times of high water;" that the appellant negligently and carelessly placed the tile above the bed of the stream, and at right angles with the track and fill, whereas the water flowed in its natural bed diagonally across the right of way and under the trestle; that by reason of placing the tile above the bed of the stream, and the company's negligence in placing a tile too small to carry the water in rainy seasons and in times of ordinary floods,

and placing the tile at a different angle from that of the thread of the stream, and by making the fill, appellant had negligently and carelessly caused the water to be dammed up against the fill, and to back up and flow over and through appellee's lands, washing ditches and ravines therein, and rendering from three to six acres of the lands practically useless for farming purposes; that the water had cut and washed away large quantities of the soil, and would continue to cut and wash away large portions of the land, and had washed away fences, and would continue to do the same, and that before the construction of the fill and embankment the water at no time flowed over and across appellee's land, but since the construction thereof, in wet seasons of the year and in all times of high water, the water is obstructed by the fill and will continue to be so obstructed, overflowing and washing away large portions of her land; that because of the construction of the embankment and the obstruction of the flow of water, appellee's land has been permanently injured and damaged, all without appellee's fault.

The case made by the pleading rests upon the theory that the injury complained of resulted to appellee's land only at wet or rainy seasons of the year, and in times of high water; that the overflow was the result of an increased volume of water at these particular times in connection with the insufficient pipe. This being true, the act itself of constructing the embankment with the particular pipe gave no right of action. The construction of the embankment with the opening as charged did not constitute a nuisance. It was only when it diverted the water from rainfall from its usual flow, upon the landowner, that it became a nuisance. Appellant had the right to construct its road upon its own right of way, and it had the right to make its roadbed of earth and stone at that particular place. And it could make no difference to the adjoining landowner, so far as shown by the pleading, how negli-

gently this was done, so long as such landowner suffered no damage from it. Appellant committed no act that could have been complained of as a trespass. If it had, a right of action would have accrued as soon as the trespass was committed. The embankment and opening may have been negligently and unskilfully made, but that fact of itself gave appellee no right of action. Appellee's cause of action first arose when her land was damaged, and she had no right to sue until she was damaged. She could not have sued before her land was flooded, upon the idea that at some future time it might be flooded. It is true the wrong of appellant was the negligent construction and maintenance of the opening; but this wrong, to constitute a cause of action, must be combined with appellee's right to damages, which could arise only when her lands were flooded at rainy seasons or times of high water. There must be a concurrence of wrong and damage to give appellee a right of action.

In *Sherlock* v. *Louisville, etc., R. Co.,* 115 Ind. 22, 37, in discussing the sufficiency of a paragraph for damages, the court said: "That the bridge would be negligently constructed, or, if so constructed, that it would at any time cause injury and damage by causing the stream to overflow the lands outside of the right of way, could not have been sufficiently known until such an overflow occurred to authorize the assessment of damages in advance. And, assuming that such an overflow might be occasioned by the bridge, it would be impossible, in advance of such overflow, to make even an approximately correct estimate of the damages that might result. When the injury did occur by reason of such overflow, it was not the probable and proximate result of the construction of the road, but the result of an act of negligence, in connection with more than a usual amount of water in the stream."

It is true the embankment is, in a sense, of a permanent character; but, to entitle appellee to recover in one action

more than the damage already accrued, it must be shown that the insufficient opening necessarily causes permanent injury to the value of the property. "Where the structure," said the court in *Valparaiso, etc., Co.* v. *Dickover,* 17 Ind. App. 233, "maintained by the defendant, by the use of which the nuisance is created, is of a permanent character, but the nuisance itself is not of a permanent character, and the use in question may or may not be injurious, the rule that but one action will lie in which the plaintiff may recover all damages,—past and prospective,— does not apply, but the recovery will be for the damage only which has accrued to the date of the commencement of the action. Gould on Waters (2d ed.), §416."

Although the act complained of in the complaint is of a permanent nature, its continuance is not necessarily injurious. It may be or may not be injurious, and it may or may not be continued. In 3 Sutherland on Dam. (2d ed.), §1046, the author reviews the authorities and concludes: "We agree with the Tennessee court that 'the true rule deducible from the authorities is that the law will not presume the continuance of a wrong, nor allow a license to continue a wrong, when the cause of the injury is of such a nature as to be abatable, either by the expenditure of labor or money; and that where the cause of the injury is one not presumed to continue, that the damages recoverable from the wrongdoer are only such as have accrued before action brought, and that successive actions may be brought for the subsequent continuance of the wrong or nuisance' ". *Nashville* v. *Comar,* 88 Tenn. 415, 12 S. W. 1027, 7 L. R. A. 465; *Uline* v. *New York, etc., R. Co.,* 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; *Valparaiso, etc., Co.* v. *Dickover,* 17 Ind. App. 233; *Sherlock* v. *Louisville, etc., R. Co.,* 115 Ind. 22, 37; *St. Louis, etc., R. Co.* v. *Biggs,* 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. 174, note; *Hargreaves* v. *Kimberly,* 26 W. Va. 787, 53 Am. Rep. 121; *Town of Troy* v. *Cheshire R. Co.,* 23 N. H. 83, 55 Am. Dec. 177.

In the case of the *City of North Vernon* v. *Voegler,* 103 Ind. 314, cited by counsel, it was held that the improvement of a street by a municipal corporation, though negligently and unskilfully done, is not a nuisance; and that the rule permitting successive actions could not apply. It was there held that the cause of action was complete when the wrongful act was committed. In the case at bar, as made by the pleading, the cause of action was not necessarily complete upon the negligent construction of the opening, but might or might not afterwards become complete, depending upon the existence or non-existence of certain conditions averred.

Appellant's counsel argue that the complaint manifestly proceeds upon the theory that appellee is entitled to recover future and prospective damages, and must be held bad, and that the court erred in instructing the jury that such damages might be recovered. But the complaint avers sufficient facts to entitle appellee to such damages as she had suffered up to the commencement of the action, and is therefore sufficient against a demurrer. The complaint is not sufficient to authorize the recovery of prospective damage. As the case was tried upon the theory that such damages could be recovered, the motion for a new trial should have been sustained.

Judgment reversed.