## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY ET AL. v. QUILLEN.

[No. 4,980.   Filed December 16, 1904.]

1. PLEADING.—*Private Nuisances.*—*Flowing Adjoining Proprietor.*—*Damages.*—Where a complaint alleges that defendants, a railroad company and others, "wrongfully made fills and cut ditches [on lands] so as to prevent water flowing therefrom, and to lead surface-water and natural streams which, prior thereto, flowed away, to flow thereon, and to create pools of standing water, without means of escape on her [plaintiff's] said land, and thereby and on account thereof to destroy by said means 40 acres of her said land * * * thereby creating a permanent nuisance," such complaint shows a tortious injury, and that defendants had no right to do such acts, and no presumption would obtain from such complaint that such damages had been compensated for by the railroad company in payment for its right of way, such damages not being included in the price so paid.   p. 334.

2. SAME.—*Nuisances.*—*Abatement.*—*Damages.*—Where the complaint shows that an alleged nuisance might be abated, and that there was no threat nor purpose to continue it, such facts do not render such complaint bad, but go to the question of damages.   p. 335.

3. SAME.—*Nuisance to Real Estate.*—*Description of Land.*—*Motion to Make More Specific.*—Where a complaint for damages for injuries caused by a nuisance to plaintiff's real estate, describes plaintiff's lands as "in location 132 in Steen township, Knox county, Indiana," such description is sufficient on demurrer, a motion to make more specific being the proper remedy.   p. 335.

4. RAILROADS.—*Right to Elevate or Depress Tracks.—Flowing Adjoining Proprietor.*—A railroad company has the right to elevate or depress its tracks, and may cut ditches or throw up embankments on its right of way, but has no right to collect waters and discharge them on an adjoining proprietor, and the fact that ditches are lawfully and carefully made is no defense.   p. 335.

5. SAME.—*Right of Way.—Drainage.*—The grant of a railroad right of way carries no right to go beyond its limits, and no compensation is made for wrongful acts occurring subsequent to such appropriation, the rule as to the flowage of waters being the same with a railroad company as with the individual.   p. 336.

6. NUISANCE. — *Permanent. — Burden of Proof. — Damages* — Where the only damage caused to plaintiff's lands was on the occasion of a heavy fall of rain, and he sues for damages for permanent injury, the burden is upon him to prove that such rainfall caused injuries of a permanent character, and if he fail, the complaint is not supported and the verdict is contrary to law.   p. 337.

7. SAME.—*Abatable.—Presumption of Continuance.*—When the cause of injury is of such nature as to be abatable by the expenditure of labor or money, the law will not presume the continuance of the wrong.   p. 338.

8. SAME.—*Permanent.—Deposit of Barren Earth on Soil.—Measure of Damages.*—Where a railroad company in cutting ditches threw barren earth over on plaintiff's lands, such injury is of a permanent character, and the measure of damages is the difference in value of the land before and after such injury.   p. 338.

9. SAME.—*Abatable.—Flowing Lands.*—The collection and discharge of waters on plaintiff's lands is a temporary nuisance and is abatable, and its continuance will not be presumed, and the measure of damages is the difference in the rental value before and after the injuries.   p. 338.

From Daviess Circuit Court; *Clinton K. Tharp,* Special Judge.

Action by Grace Quillen against the Baltimore & Ohio Southwestern Railroad Company and others.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*W. R. Gardiner, C. G. Gardiner, T. D. Slimp* and *Edward Barton,* for appellants.

*William A. Cullop, George W. Shaw, Arnold J. Padgett* and *Alvin Padgett,* for appellee.

COMSTOCK, C. J.—This action was commenced in the Knox, and on change of venue was tried in the Daviess Cir-

cuit Court. There were two trials. Upon the first the jury disagreed; upon the second they gave a verdict in favor of appellee against all of the appellants for $1,185.

The complaint is in two paragraphs. The material allegations of the first are that plaintiff is the owner of about two hundred acres of rich and valuable land for farming and residence purposes in location 132 in Steen township, Knox county, Indiana; that prior to the grievances complained of said land was high and free from ponds, pools, etc.; that rainfall and surface-waters and natural streams flowed from, instead of upon, said land; that during the months of May and June, 1900, the defendants were engaged in building a railroad, and in doing so made excavations and fills on, along and across her land, and thereby covered two acres of the same with waste, and destroyed the same, and that said two acres were of the value of $40 each; that "defendants * * * wrongfully made fills and cut ditches so as to prevent water flowing therefrom, and to lead surface-waters and natural streams, which prior thereto flowed away, to flow thereon, and to create pools of standing water, without means of escape, on her said land, and thereby and on account thereof to destroy by said means forty acres of her said land;" that said forty acres were, prior to said grievances, worth $40 per acre, but because of said grievances are now wholly worthless; and because of the wrongs of said defendant she has been damaged $1,000.

The second paragraph alleges, in substance, that the plaintiff is, and has been for five years, the owner of 200 acres of land in location 132 in Steen township, Knox county, Indiana, lying along defendants' railroad track; that defendants were about to change the position, location and grade of said railroad track, and, in doing so, placed on two acres of said land barren clay, which has destroyed the fertility of said two acres, and made it useless; that defendants have cut ditches and made embankments which will and have run onto forty acres of land large quantities

Baltimore, etc., R. Co. *v.* Quillen.

of water, which, on account of natural drainage, would run away from said land, and have and will thereby create large standing pools, which will and have become stagnant, give off odors, create a nuisance, and will and have destroyed forty acres of her land; that she has been damaged thereby in the sum of $1,900.

A demurrer for want of facts to each paragraph was over-ruled. Defendant filed an amended answer in three paragraphs, the first being a general denial. The second paragraph gives the date (1857) of the construction of the Ohio & Mississippi Railroad to the ownership of which the defendant the Baltimore & Ohio Southwestern succeeded; recites the source of title of its right of way; avers facts to the effect that the acts, of which plaintiff complains, were necessary in the operation and maintenance of its said road, and were done in an orderly and careful manner, all of which were done by the defendants, Waddle & Fitch, as contractors with said railroad company. The third paragraph is the same as the second, except that it gives a different source of title. A separate and several demurrer for want of facts to each of said second and third paragraphs of answer was sustained. The cause was tried upon the issues joined on the complaint and general denial.

The appellants, the Baltimore & Ohio Southwestern and Waddle & Fitch, each assigned as errors the action of the court in overruling the demurrer of said appellants to the first and second paragraphs of the amended complaint, respectively, and in overruling the motions for a new trial.

As to the first paragraph of the complaint, the position of appellants is, that while it proceeds upon the theory that appellants were engaged in the construction of a railroad over appellee's land and by so doing created a nuisance thereon causing consequential damages thereto, yet it contains no averment of facts to justify the conclusion that the appellant railroad company had not, by proper proceeding, acquired the right to construct the railroad, or that the

construction was wrongful; that it contains no averment that the appellee had not been fully compensated for consequential damages; that the averments show that the alleged nuisance might be abated and, as a consequence, the value of the land restored; that there is no averment of a threat or purpose on the part of appellant to continue the conditions described, or of any damage other than the entire destruction of the value of part of the lands of the appellee; that there is no description of the lands alleged to have been rendered of no value.

1. Without separately taking up each of these objections, we think the paragraph is sufficient upon the ground that it charges that appellants "wrongfully made fills and cut ditches so as to prevent water flowing therefrom, and to lead surface-water and natural streams, which prior thereto flowed away, to flow thereon, and to create pools of standing water, without means of escape on her said land, and thereby and on account thereof to destroy by said means forty acres of her said land, * * * thereby creating a permanent nuisance. The acts charged are properly characterized as tortious injury to appellee's real estate, and not negligence. In the face of the averment that the acts complained of were wrongful, there could be no presumption that appellant had by proper proceeding acquired the right to commit the acts of which appellee complains, nor would the presumption arise that consequential damages had been fully compensated. The appellant railroad company would have no right to collect surplus water on its right of way, and discharge it in a body on the lands of appellee, to her injury. If the right of way had been properly acquired, plaintiff's right to be compensated for damages from water thereafter collected and discharged upon her land would not be affected. Such damages are not included in the price paid for the right of way. *Egbert* v. *Lake Shore, etc., R. Co.* (1892), 6 Ind. App. 350; *Stodghill* v. *Chicago, etc., R. Co.* (1876), 43 Iowa 26,·22 Am. Rep.

211; *Hunt* v. *Iowa Cent. R. Co.* (1892), 86 Iowa 15, 52 N. W. 668, 41 Am. St. 473; *Louisville, etc., R. Co.* v. *Hays* (1883), 11 Lea (Tenn.) 382, 47 Am. Rep. 291; *White* v. *Chicago, etc., R. Co.* (1889), 122 Ind. 317, 7 L. R. A. 257.

2. Conceding that the averments show that the alleged nuisance might be abated, and that there is no threat or purpose on the part of appellants to continue the conditions described, these are facts going to the measure of damages appellee would be entitled to recover for injuries already sustained.

3. The land is sufficiently described to withstand a demurrer. *Shipler* v. *Isenhower* (1866), 27 Ind. 36.

During the trial appellee's title seems not to have been questioned. It is agreed by the parties, as appears of record, that the plaintiff holds her title to the real estate described in the complaint as a remote grantor from the same party from which the defendant the Baltimore & Ohio Southwestern Railroad Company holds its title to the right of way. In the absence of a motion for a more particular description, and with the foregoing agreement, it is too late to question the sufficiency of the description. What we have said applies to both paragraphs of the complaint. The theory of each is that the injury to the plaintiff's land was caused by the deposit of barren and waste earth upon appellee's land and the collecting and discharge of surface-water by means of ditches dug by the defendants. In each paragraph it is alleged that the railroad company is a corporation duly organized and existing by virtue of the laws of the State of Indiana, and that the defendants Waddle and Fitch are partners doing business under the name and style of Waddle & Fitch, and all of said defendants are engaged in committing the wrongs complained of.

4. The purport of the second and third paragraphs of answer is that the appellant railroad company had the right to make necessary drains and ditches, collect water therein

and discharge it upon the lands of plaintiff. They show the theory of the defense. They do not show a right to inflict a consequential or direct injury to plaintiff's property without compensation. The appellant railroad company had the right to lower the grade of its tracks, and to dig ditches to convey water off its right of way, but not to turn it upon the lands of plaintiff. That the acts of constructing the ditches were lawful and were performed with care would make no difference. *Conner* v. *Woodfill* (1890), 126 Ind. 85, 22 Am. St. 568.

5. The grant of a right of way does not carry the right to go beyond its limits, and the owner is not compensated by an assessment of damages for a right of way for wrongful acts after the acceptance of a deed or the making of an appropriation. *Egbert* v. *Lake Shore, etc., R. Co., supra; Evansville, etc., R. Co.* v. *Dick* (1857), 9 Ind. 433.

The case of *Cleveland, etc., R. Co.* v. *Huddleston* (1899), 21 Ind. App. 621, 69 Am. St. 385, cited by appellant, is distinguishable from the case at bar. The right to build a railroad includes the subsidiary right to make changes necessary for the proper construction and maintenance of the same. That question is not the controlling one in this case. "The principle upon which all the decisions proceed, is that if the owner of lands collects surface-water into a body, he is bound to provide a means of discharge by drainage, and that if he fails to do so, the owner of the lower lands has a cause of action." 24 Am. and Eng. Ency. Law, note on pages 930, 931; *Cairo, etc., R. Co.* v. *Stevens* (1881), 73 Ind. 278, 38 Am. Rep. 139; *Patoka Tp.* v. *Hopkins* (1891), 131 Ind. 142; *City of Evansville* v. *Decker* (1882), 84 Ind. 325, 43 Am. Rep. 86; *Davis* v. *City of Crawfordsville* (1888), 119 Ind. 1, 12 Am. St. 361; *Kelly* v. *Pittsburgh, etc., R. Co.* (1901), 28 Ind. App. 457, 91 Am. St. 134. The rule applicable to a railroad company and an individual is the same. A railroad company has no right to gather surface-water on its land or right of way into ditches and

drains, and discharge it in a body on the lower lands of other persons, to their injury. 24 Am. and Eng. Ency. Law, p. 953, and cases cited in note 4.

It is contended that the damages assessed are excessive. The evidence shows without conflict that all of the land covered with waste dirt beyond the line of the right of way, assuming the right of way to be but eighty feet, did not exceed seven feet in width and 1,000 feet in length (about one-half acre) and that the land was worth not to exceed $55 per acre. It is also claimed that the court erred in the admission of evidence and in the giving of certain instructions.

6. The damage from water was sustained only upon the occasion of heavy falls of rain. The theory of the complaint is for permanent injury. Plaintiff thus assumed the burden of establishing the existence of facts showing that the encroachments were of a permanent character. If the evidence fails to show injury of such a character, the theory of the complaint is not supported, and the verdict is contrary to the law. *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404; *Cleveland, etc., R. Co.* v. *Dugan* (1897), 18 Ind. App. 435; *Equitable, etc., Ins. Co.* v. *Stout* (1893), 135 Ind. 444. A nuisance which may be discontinued is not a permanent one. The law will not presume the continuance of a wrong. *Cleveland, etc., R. Co.* v. *King* (1899), 23 Ind. App. 573; *Uline* v. *New York, etc., R. Co.* (1886), 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; *Cleveland, etc., R. Co.* v. *Kline* (1902), 29 Ind. App. 390.

When the injury is caused by a trespass upon the plaintiff's land, since the defendant can not remedy the wrong without another trespass, the remedy is not continuous, but inflicted once for all, and full compensation is recovered by one action. Sedgwick, Damages (8th ed.), §92; Sutherland, Damages (3d ed.), §1042; *Cumberland, etc., Corp.* v. *Hitchings* (1876), 65 Me. 140.

7. The true rule deducible from the authorities is that when the cause of injury is of such nature as to be abatable by the expenditure of labor or money, the law will not presume the continuance of the wrong. *Railway Co.* v. *Higdon* (1903), 111 Tenn. 121, 76 S. W. 895; *Nashville* v. *Comar* (1890), 83 Tenn. 415, 12 S. W. 1027, 7 L. R. A. 465.

8. In *Cleveland, etc., R. Co.* v. *King, supra,* many illustrative cases are collected. From the consideration of them, and many more, we think that it may fairly be said that, where damages have been allowed for prospective injuries, the nuisance was deemed to be permanent, although the courts have differed as to what was permanent or temporary injury. The deposit of barren earth, with its attendant results, may, under the decisions, be regarded as a permanent injury. As to such averment, there is evidence tending to support the finding. As to that part of appellee's claim, the measure of damages would be the diminution in the value of the land.

9. The collection and discharge of water in a body upon appellee's land it is alleged is temporary, because it is abatable, and its continuance will not be presumed, and the damage occasioned thereby should be determined by another rule, namely, the difference in the rental value of the land before and after the injury. "Thus, in an action for flowing land or in polluting water, compensation can only be had for loss accruing before the date of the writ." Sedgwick, Damages (8th ed.), §91.

Plaintiff was permitted to prove the difference between the value of her entire tract of land before and after the acts complained of. The question of the admissibility of such evidence was not reserved. That question is not, therefore, presented.

The court gave of its own motion the following instruction: "If you find for the plaintiff, you will assess her damages at such sum as the evidence may show her land has been damaged. The measure of damages, if any, would be

the difference in the value of the land immediately before and immediately after the commission of the injuries complained of, if any." To the giving of this instruction appellants duly excepted. The instruction was erroneous, as not being applicable to the entire injury complained of, not making any distinction in the character of the injuries.

For this reason the judgment is reversed. The consideration of other alleged errors is not deemed necessary, as they may not arise upon a second trial. The trial court is directed to sustain appellants' motion for a new trial.