SOUTHERN RAILWAY COMPANY ET AL. *v.* POETKER.

[No. 6,997. Filed April 20, 1910. Rehearing denied June 29, 1910.]

1. RAILROADS.—*Obstructing Watercourses.—Nuisance.—Damages.—* Where a railroad company obstructs a watercourse, thereby causing the plaintiff's land to be overflowed, but such nuisance is abatable, the damages recoverable are only such as have accrued up to the time of the bringing of the action. p. 296.

2. RAILROADS.—*Obstructing Watercourses.—Permanent Injuries.— Damages.—Measure of.—*Although the complaint alleges that the defendant railroad company's obstruction of a watercourse and consequent backing of water over plaintiff's land caused permanent damage, the courts know that an overflow of surface-water is abatable and does not injure permanently, and therefore the measure of damages is the diminution of the value of the use of the land prior to the commencement of the action. p. 297.

3. EVIDENCE.—*Drainage of Overflowing Waters.—Nuisance.—Railroads.—*In an action against a railroad company for wrongfully obstructing a watercourse, thereby causing plaintiff's land to overflow, evidence that such landowner, at a small expense, could have connected his drain with a pipe placed by defendant under its roadbed, thereby draining his land, is admissible. p. 297.

4. DAMAGES.— *Duty to Minimize.—* It is the duty of a person damaged by the acts of another, to exercise reasonable care to minimize such damages. p. 298.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by Frederick H. Poetker against the Southern Railway Company and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman, M. W. Fields* and *John K. Chappell,* for appellants.

*R. W. Armstrong* and *J. W. Wilson,* for appellee.

RABB, J.—This action was brought to recover damages for the overflowing of appellee's land, caused by the improper

construction of appellant railway company's roadbed.   Two questions are presented by the record for our decision:   (1) Did the court err in permitting appellee to prove the difference in the value of the land, affected by the alleged nuisance complained of, before the erection and maintenance of the roadbed, and its value afterwards, and in instructing the jury that the measure of appellee's damages was such difference?   (2) Did the court err in refusing to permit appellant company to prove what it would cost appellee to construct a ditch which would connect the existing ditch on his land with a certain iron pipe passing under appellant company's road, and connecting with the ditch on the opposite side?

It is charged in appellee's complaint, upon which a right to recover damages is predicated, that appellant company, in the reconstruction of its roadbed on its right of way through appellee's land, wrongfully obstructed the natural watercourses passing through and draining the land, and negligently failed to make adequate provision for the flow and escape of water in said watercourses in wet seasons, and during rains and at the time of freshets, and thereby negligently prevented the water in said watercourses from escaping from appellee's land, thus depriving appellee of its free use and enjoyment, and injuring and damaging said land; that since June, 1906, by the action of said appellant complained of, the water has been caused to stand on appellee's land, destroying his crops and permanently damaging his land.

It is the settled law in this State, as applied to actions of this   character,   that   where   the   injury   is   of   such   a nature as to be abatable, by the expenditure of either

1.  labor or money, the law will not presume its continuance, and that when, from the nature of the case, the cause of the injury is removed, the injurious consequences will cease, the damages recoverable from the wrongdoer are only such as had accrued before action was brought. *Steinke* v. *Bentley* (1893), 6 Ind. App. 663; *Cleveland, etc., R. Co.* v. *King* (1900), 23 Ind. App. 573; *Cleveland, etc., R.*

*Co.* v. *Kline* (1902), 29 Ind. App. 390; *Baltimore, etc., R. Co.* v. *Quillen* (1904), 34 Ind. App. 330, 107 Am. St. 183; 4 Sutherland, Damages (3d ed.) §1046, and cases cited; *City of Nashville* v. *Comar* (1890), 88 Tenn. 415, 12 S. W. 1027, 7 L. R. A. 465; *Jungblum* v. *Minnesota, etc., R. Co.* (1897), 70 Minn. 153, 72 N. W. 971.

Notwithstanding the general averment in appellee's complaint of permanent injury to his land by reason of the alleged nuisance, the specific facts averred in the complaint and disclosed by the evidence show that the injury complained of resulted from obstructing the flow of surface-water over appellee's land, by constructing the embankment for appellant company's road, and that upon making the proper opening in the embankment, for the passage of the water, all damage to the land will cease. It is clearly an abatable nuisance, and the rule adopted by the court, for ascertaining and establishing damages, was incorrect. The case cannot be distinguished in principle from the cases of *Cleveland, etc., R. Co.* v. *King, supra,* and *Cleveland, etc., R. Co.* v. *Kline, supra,* and the line of authorities therein cited. The proper measure of damages was the diminution in the value of the use of appellee's land, on account of the nuisance complained of, up to the commencement of this action.

There was evidence tending to show that prior to the reconstruction of appellant company's roadbed through appellee's land said land was drained by an open ditch; that the water in said ditch was carried under said roadbed by a thirty-six-inch iron pipe; that in reconstructing the road, which work created the nuisance complained of, said pipe was taken out, and, as a substitute therefor, a forty-eight-inch iron pipe was put under appellant company's roadbed, to carry the water of the ditch that had theretofore been carried by the thirty-six-inch iron pipe; that in putting the pipe under the roadbed one end of it did not connect with the open ditch, but was located upon appellee's

ground, thirty feet from the point where said ditch came to said appellant's right of way, and that no ditch was dug by said appellant connecting the pipe with the ditch, for the reason that there was not sufficient room upon said right of way to dig the ditch, the roadbed occupying the entire right of way at that point; that waters coming down said ditch could reach the pipe only after the ditch was overflowed.

There was also evidence tending to show that the bottom of said forty-eight-inch pipe was two feet lower than the bottom of said open ditch, and five feet lower than the surface of appellee's adjoining land, tending to show that a ditch dug on appellant company's land, making connection between said pipe and said open ditch, would effectually drain appellee's land and abate the alleged nuisance. In this condition of the evidence, said appellant offered to prove by competent witnesses that such ditch could be constructed by appellee on his own premises, at an expense of $5 or $10. This offer was, over the objection and exception of appellant, refused by the court. This was error. The evidence was clearly admissible.

Conceding that appellant company was liable to appellee on the facts averred in the complaint, it was the duty of appellee to exercise reasonable care to minimize his damages, and if he could, by the expenditure of a small sum of money, have protected himself from serious loss, it was his duty to do so. Beach, Contrib. Neg. (3d ed.) §24; 2 Thompson, Negligence §13; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409.

For these errors, the judgment of the court below is reversed, and a new trial ordered.