## INDIANA PIPE LINE COMPANY *v.* CHRISTENSEN.
[No. 14,246.   Filed March 11, 1932.]

*Simmons & Simmons, D. L. McKesson* and *Parker, Crabill, Crumpacker & May,* for appellant.

*Darrow, Rowley & Shields* and *John W. Kitch,* for appellee.

LOCKYEAR, J.—This is the second action for damages for the loss of rental value of land alleged to be caused by the maintenance of a continuing nuisance through permitting the escape of crude oil from appellant's pipe line on to the farm of the appellee.

The first action was brought for damage to crops and injury to live stock of the appellee covering the years from 1914 to 1919, which case was appealed to the Indiana Supreme Court, and the opinion is found as *Indiana Pipe Line Co.* v. *Christensen* (1919), 188 Ind. 400, 123 N. E. 789. That case was upon the theory of permanent injury to the real estate, and was reversed and sent back to the lower court for a new trial. An amended complaint was filed upon the theory of that action and asked damages for the decrease in the rental value of the land and for damages to live stock as aforesaid. The second case was appealed to the Supreme Court of Indiana and is found as *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596.

In the opinion handed down in the last appealed case, above referred to, we find this language: "On the former appeal it was said, p. 403: 'Successive actions may be maintained so long as the nuisance is permitted to continue, in which damages may be recovered for all injury occasioned prior to the commencement of the action and within the statute of limitations, not extending back of a former recovery. The measure of damages in such a case is the depreciation in the rental value of the real estate affected'. While this language must be measured by the case then before the court, and is not necessarily controlling where the relief is sought upon a different theory, yet we regard the principle therein recognized, of allowing compensation for the damage done during the time 'the nuisance is permitted to continue,' as having an important bearing upon the question now being considered. The words 'successive actions' were evi-

dently used in view of the pleaded facts impelling the thought of a continued abatable nuisance rather than a permanent injury to the land. They should not be construed to mean that separate actions must be brought for the loss occasioned by the diminution of rental value for each year, but that when the nuisance is a continuing abatable one, an action prosecuted to a finality will not bar another action to recover the loss of rents for succeeding years, when it is made to appear that the nuisance has not been abated and its continuance has resulted in further injury. This rule rests upon the theory that the law will presume that when the cause of the injury is removed, the injurious consequences will cease. (*Southern R. Co.* v. *Poetker* (1910) 46 Ind. App. 295) and that actions of this character should be limited to damages actually accrued or sustained during a continuation of such nuisance, thus obviating any opportunity for including speculative or prospective damages."

The complaint in this appeal alleges that defendant is a corporation owning and operating an underground pipe line across Starke County for the transportation of crude oil; that appellee owned a farm of over 360 acres in Starke County; that the pipe line crossed Pine Creek upstream from where Pine Creek passed through appellee's farm; that the pipe line became rusty and corroded and weakened and unable to withstand the pressure from within; that, in 1914, because of its weakened condition, the pipe line bursted, emptied crude oil into streams and Pine Creek and thence over appellee's farm, destroying the vegetation, grass and roots; that the oil thus thrown on appellee's farm permeates the soil and contaminates the same so that the soil will not produce crops of any kind or character; that the crude oil that escaped in 1914 and subsequently did saturate the soil and vegetation on appellee's said lands above described,

or the greater portion thereof, and so poisoned the soil and killed the grass roots that appelle has been unable to raise any crops of any kind or character which he had heretofore raised on said land; that appellee brought an action and recovered for the loss of profits for the time from 1914 to March 1, 1920; that said escape of oil was a continuing nuisance and the nuisance was not abated, but more oil was permitted to escape each year and be deposited on appellee's land; that the depositing of additional oil on appellee's said lands prevents appellee's lands from being adapted to the uses for which it was intended, brought about by action upon the first oil deposited becoming eliminated by the elements, and that said lands will not produce crops of grasses that grew naturally upon said lands, and that said injury to plaintiff's lands is continued from year to year and the oil still continues to flow upon appellee's lands, and said appellant company's pipe lines still continue to be in the same or worse condition than they were in at the time of the first deposit of said oil on appellee's land, so the appellee could not raise any crops on the lands in the season of 1920, and that appellee's lands were and are sterile and of no use for the purpose for which the appellee had heretofore used the same; that the rental value of appellee's lands from 1920 to 1925 would have been $25 per acre; prayer for $35,145.

There was filed what is denominated an "amended supplemental complaint," which was, in substance, as follows: "Since the commencement of this action there has been a continuation of the wrongful acts complained of in the complaint and, 'that the crude petroleum oil that had theretofore escaped from the appellant's pipe lines during the previous years and at the time of the filing of the complaint remained in the soil and saturated the same so that the appellee's lands would not produce any crops of any kind or character that had theretofore

produced crops. That the appellee's lands since the filing of the complaint and up to the filing of the amended supplemental complaint have been non-productive and have not been susceptible of being utilized for the raising of any crops of any kind or character up until the summer of 1928'; that the rental value of the farm for the years 1926 and 1927 would have been $25 per acre, and concluding with a prayer for $45,000."

Christian Christensen testified that: "In the year 1920, oil came down what is known as Lucas Ditch. In 1923, was when the work was done cleaning it up. When the oil came down in 1923 there was a dredge cleaning out the Lucas Ditch that was up east of North Judson, three or four miles from my land, but there was no dredge to spread the oil over my land at that time. When it came to the flat place on my land, it got out from the ditch banks and quite a bit floated over my fields as far south as the wagon road. The next ditch digging was in 1923 when they cleaned out Lucas Ditch with a floating dredge. It was being cleaned out for eight years and got to my place in 1923. The oil caught afire and burned in sections 31 and 32 in 1923 and burned all day. It burned in patches for about a week; the oil that got on my land was from 1/16" to 1" thick in spots. Oil came out of the pipes in the years 1914-1915- 1920 and 1923 and in other years when there was high water. The water would raise the oil from the banks and over the land itself. The pressure would naturally press the oil up."

The appellee also testified that in the years 1924, 1925 and 1926, when the water raised in the ditches, the land was overflowed with oil and that there was a leak of oil again in 1927.

The land in question consisted of something less than 400 acres, and there is testimony to the effect that the rental value was diminished because of the overflow of

oil over the land for from $8 to $20 per acre per year.

The case was tried before a jury, and verdict rendered awarding the appellee $15,000, upon which verdict judgment was rendered.

The only error assigned is that the court erred in overruling appellant's motion for a new trial, and the specifications thereunder that are discussed in the appellant's brief under points and authorities are: First, that the verdict of the jury is too large; second, that the act complained of was formerly adjudicated in previous action; third, that certain evidence was improperly admitted; fourth, that certain instructions were erroneous, all of which errors are based upon the theory that the damages for the complete destruction of wild hay and grass roots, which is injury to the land, having been paid for in a former recovery, there cannot be a second recovery for the same injury or loss in this action.

Neither this action nor the former action was based upon the theory of any permanent injury to the land, but for the loss occasioned by diminution of crops, and, for that reason, the points raised by the appellant are not well taken, and for the further reason that the amount of recovery, to wit, $15,000 is well within the proof as to the amount of loss sustained by the appellee without taking into consideration any amount the appellee may have lost on account of permanent injury to the land, for the loss of crops alone amounted to more than $15,000.

The law of this case is admirably stated in the case of *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596, as above referred to, and, on the authority of that case, the judgment herein is affirmed.